SCHWEITZER v. HAMBURG–AMERIKANISCHE PACKETFAHRT ACTIEN GESELLSCHAFT.

(Supreme Court, Appellate Division, Second Department. March 29, 1912.)

1. PLEADING (§ 166*)—COMPULSORY REPLY—WHEN PROPER.
    Generally plaintiff should be compelled to reply under Code Civ. Proc. § 516, when new matter set forth in a plea in bar is such that, if true, it will constitute a complete defense unless avoided.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*]

2. PLEADING (§ 166*)—COMPULSORY REPLY—WHEN PROPER.
    Under Code Civ. Proc. § 516, authorizing an order requiring plaintiff to reply to an answer containing new matter constituting a defense by avoidance, plaintiff in a suit against a German steamship company should be compelled to reply to an answer pleading that plaintiff was injured while performing a contract of employment governed by the German law, which was set forth in the answer and relied upon as defeating recovery.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*]

3. EVIDENCE (§ 81*)—PRESUMPTIONS.
    The Domestic Law governs in an action for injury affected by a foreign law, in the absence of proof as to what the foreign law is.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 102; Dec. Dig. § 81.*]

4. EVIDENCE (§ 81*)—PRESUMPTIONS—COMMON LAW.
    The presumption that the common law is in force in another jurisdiction, in the absence of proof to the contrary, is indulged only as to England and sister states which have taken the common law from England.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 102; Dec. Dig. § 81.*]

5. TRIAL (§ 136*)—NATURE OF ISSUES—FOREIGN LAW.
    What the foreign law is in a particular matter is a question of fact, unless it involves the construction of a statute or judicial opinion, when it may be a question of law.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 318, 320, 321, 323–327; Dec. Dig. § 136.*]

6. EVIDENCE (§ 39*)—JUDICIAL NOTICE—CONTENTS OF TREATIES.
    Judicial notice is taken of the contents of a treaty with a foreign country.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 53; Dec. Dig. § 39.*]

Appeal from Special Term, Kings County.

Action by Anton V. Schweitzer against the Hamburg-Amerikanische Packetfahrt Actien Gesellschaft. From an order refusing to compel a reply, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

A. Leonard Brougham, for appellant.

C. V. Nellany, for respondent.

BURR, J.   Plaintiff, an employé of defendant, seeks to recover damages for personal injuries alleged to have been sustained by reason of a defective and improper windlass furnished by the master for his use.   Defendant, denying these allegations and alleging assumption of risk by plaintiff, also sets up in the paragraphs of the answer designated 3 and 4, respectively, certain matters which it contends constitute affirmative defenses.   Defendant moved, in accordance with the provisions of section 516 of the Code of Civil Procedure, to compel a reply to such defenses, and from an order denying such motion this appeal was taken.

[1] The order was not made in the exercise of discretion, and contains a recital to that effect.   No absolute rule can be formulated applicable to all cases in accordance with which such a motion should be granted or denied.   If facts stated in an answer as new matter by way of defense are only capable of denial, reply is as a general rule unnecessary, since they are deemed to be controverted (Code of Civil Procedure, § 522), although there may be exceptions to this rule.   But as a general rule, when the new matter set forth in a plea in bar is of such a character that, if true, it will constitute a complete defense to the action unless in some manner it is avoided, it will simplify the issue, and prevent surprise at the trial if a reply is ordered showing the grounds of avoidance, if such exist.   Olsen v. Singer Manufacturing Co., 138 App. Div. 467, 122 N. Y. Supp. 822.

[2] The crucial questions in this case, therefore, are whether the pleas are those of avoidance, whether, if true, the facts stated therein might defeat the action, and whether such facts are, in turn, susceptible of avoidance.   In the pleas under consideration are many conclusions of law, but as the result of careful analysis allegations appear in the portion of the answer designated as paragraph 3, which may be deemed those of fact.   These are that in about the months of July and August, 1906, plaintiff was employed as a member of the crew on defendant's steamship "Pretoria"; that the steamship was a German seagoing vessel, sailing under the German flag from the port of Hamburg in the Empire of Germany to the port of New York; that the contract of employment was entered into in the Empire of Germany and in accordance with the laws thereof; that both plaintiff and defendant were at that time residents of the German Empire and subjects of the Emperor thereof; that the term of the contract was for a voyage from the said port of Hamburg to the port of New York and return; that plaintiff's injuries were sustained during said voyage, and while plaintiff was engaged in the performance of his duties as a member of the crew of said vessel, and before it had completed the part of its voyage bringing it to the port of New York, and before said vessel had been entered therein.   In addition, the answer contains these statements:

"That at all the times when the plaintiff was upon the said steamship, and at the time when he entered the contract aforesaid and at the time when he

sustained the injury aforesaid, it was, and now is, the law of the Empire of Germany that persons who are employed on board of a German seagoing vessel sailing under the German flag, as members of the crew, or in any capacity whatever, and who, while on board such vessel in pursuance of such employment or in consequence thereof, sustain personal injuries by reason of any cause whatsoever, shall have no right to claim, receive, sue for, or recover any compensation from the owner of such vessel, or from any person connected with or responsible for the management or operation of such vessel for the injuries so sustained, or for the damage arising therefrom, unless it shall have been determined by the judgment of a court of competent criminal jurisdiction that the injuries were willfully or intentionally caused by the person against whom such claim is made or suit brought; that the plaintiff's injuries were not willfully or intentionally caused by the defendant or by any person for whose acts or omissions the defendant is responsible, and it has not been determined by any court or authority that said injuries were caused willfully or intentionally by the defendant or by any other person; that at all of the times aforesaid it was and now is the law of the Empire of Germany that a person who is employed on board a German seagoing vessel sailing under the German flag as a member of the crew, or in any capacity whatever, and who sustains personal injuries through the carelessness or lack of care on the part of, or any neglect of any duty owed by, the owner of such vessel or the person or persons engaged in, or responsible for, the management or. operation of such vessel, shall have the right to claim and receive compensation for such injuries and the damage arising therefrom exclusively from the society organized and existing under and in pursuance of the Sea Accident Insurance Law of the Empire of Germany and known as the 'See-Berufsgenossenschaft,' the sole object, purpose, and duty of which it is, as is provided by said law (which was duly enacted by the lawmaking power of the Empire of Germany on or about June 30, 1900, and duly promulgated on. July 5, 1900, in the German Imperial Gazette at page 716 et seq.), to indemnify all persons employed on German seagoing vessels, in any capacity whatsoever, against damages sustained by reason of personal injuries occurring to them while on board such vessels, or while acting in the service thereof in any place, no matter how such injuries may be caused, whether by the act or omission or lack of care of any person, or by 'act of God' or by any other thing whatsoever, excepting only an act or omission of the person himself calculated or intended to occasion self-injury, provided such injuries be not sustained while the person injured is engaged in committing a crime, and that the shipowner or other person responsible for the management or operation of such vessel is not in any way liable to him therefor."

[3] In the absence of proof of what the foreign law is, our own law must necessarily furnish the rule for the guidance of our courts. Savage v. O'Neil, 44 N. Y. 298.

[4] A presumption that the common law is in force where the transaction occurred is indulged in by our courts only in reference to England and those of our sister states which have taken the common law from England. Crashley v. Press Publishing Co., 179 N. Y. 27, 71 N. E. 258, 1 Ann. Cas. 196; Farrell v. Farrell, 142 App. Div. 605, 127 N. Y. Supp. 764.

[5] What the foreign law is, is, therefore, a question of fact, unless it involves the construction of a written statute or judicial opinion, when it may be a question of law (Chase's Stephen's Digest of Evidence [2d Ed.] 146, note), but even then the contents of the statute or the opinion must be introduced in evidence before the trial court. Therefore the statement contained in the answer of the provisions of the foreign law must be deemed a statement of issuable facts. This plea is in the nature of a special plea in bar, since it

admits the allegations of employment and injury under circumstances which would impose liability upon the defendant except for the new. and special matter contained therein, which, unless denied or avoided, discharges defendant from such liability. Wills' Gould on Pleading (6th Ed.) 512. These facts, to wit, the provisions of the foreign law, may be met in a reply by denial, or by facts in avoidance, as that something has supervened affecting defendant's nonliability, as contended for under the German law, or by an admission of the facts, as pleaded, without facts in avoidance. In either event it seems to us that the issues would be narrowed by a reply, and that it would be a wise exercise of discretion to require the same. If the question of the effect of the provisions of the German law is the only one involved, it will be unnecessary for defendant to undertake the somewhat laborious task of proving the same, and there will then be presented a clear, concise legal question. If the facts alleged as to the provisions of such law are traversed, each party is clearly advised in advance what evidence it will be necessary to produce. If the fact and the legal effect of the provisions of the German law are admitted, but plaintiff relies upon some independent facts to take this case out of the operation thereof, defendant will not only be spared the necessity of procuring evidence to prove the foreign law, but will be guarded against surprise through being advised what the claim in avoidance is, and his evidence may be limited to that issue. The learned trial court seemed to entertain some doubt whether the facts as pleaded, if true, would constitute a defense. The opinion in the case contains, among other authorities, a reference to the German Com. Code, but the contents of this Code was a fact not before the learned court, since there was no proof of it. There is also an intimation in the opinion of the learned court that the provisions of the German law were inapplicable under the circumstances here disclosed. We will not at the present time decide these questions. The relation between the parties was contractual, and the answer alleges that the performance of the contract was to commence at Hamburg, but that said contract was not to be completed until the return of the vessel to that port. There is authority for holding, under such circumstances, that the lex contracti will control. Dyke v. Erie Railroad Co., 45 N. Y. 113, 6 Am. Rep. 43; China Mutual Ins. Co. v. Force, 142 N. Y. 90, 36 N. E. 874, 40 Am. St. Rep. 576; Valk v. Erie Railroad Co., 130 App. Div. 446, 114 N. Y. Supp. 964; Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 447, 9 Sup. Ct. 469, 32 L. Ed. 788. These questions can better be determined upon demurrer or after judgment than upon a mere practice motion addressed to discretion.

[6] The paragraph of the answer designated 4, reaffirming all the matters and things set forth in the preceding paragraph, alleges that, by virtue of the treaty existing between the United States of America and the Empire of Germany, this court has no jurisdiction of the subject of the action. The court may take judicial notice of this treaty and the contents thereof. Chase's Stephen's Digest of Evidence, 169; United States Constitution, art. 6, sub. 2; United States v. Rauscher, 119 U. S. 407, 7 Sup. Ct. 234, 30 L. Ed. 425; People ex rel. Young

v. Stout, 81 Hun, 336, 30 N. Y. Supp. 898. The facts upon which the applicability of this treaty depends are set forth at length in the paragraph of the answer designated 3, and the reply to that portion thereof will be sufficient for all purposes. The construction of the language of the treaty and the meaning thereof present questions of law.

The order appealed from should be modified so as to provide that within 20 days after service of a copy of the order to be entered herein plaintiff shall serve a verified reply to that portion of the answer therein designated as paragraph 3, and, as so modified, the said order appealed from should be affirmed, without costs. All concur.