(78 Misc. Rep. 448.)

SCHWEITZER v. HAMBURG–AMERIKANISCHE PACKETFAHRT ACTIEN GESELLSCHAFT.

(Supreme Court, Trial Term, Kings County.   December, 1912.)

1. MASTER AND SERVANT (§ 86*)—EXISTENCE OF RELATION—LAW GOVERNING.
   The law of the place of the making of a contract of employment governs an action in tort for the negligence of the employer causing injury to the employé, unless the adoption, application, and enforcement of the law is contrary to the policy and fundamental law of the forum.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

2. MASTER AND SERVANT (§ 86*)—EXISTENCE OF RELATION—LAW GOVERNING.
   Where a contract of employment between an employer and employé engaged in interstate and foreign commerce, made in a foreign country, provided for compensation according to the law of the foreign country, giving an exclusive remedy to an employé injured through the employer's negligence by a resort to a fund created by the mutual contributions of employer and employé, the foreign law governed an action in tort for injury to the employé sustained in New York through the negligence of the employer, since the foreign law was not contrary to the policy of New York.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

Action by Anton V. Schweitzer against the Hamburg-Amerikanische Packetfahrt Actien Gesellschaft. There was a verdict for plaintiff, and motion to set aside the verdict and for a new trial. Granted. See, also, 135 N. Y. Supp. 1142.

Plaintiff was employed by defendant on one of its ships. He was engaged in Hamburg, Germany, for the voyage to New York and return. While on this journey, and in the harbor of New York, he was injured as the result of a defect in a windlass which was being used by him and his coemployés to haul in the anchor chain when the ship left quarantine to dock in the city of New York. He obtained a verdict for damages for his master's negligence. The defendant for a complete defense and bar relied and proved upon the trial a workmen's compensation law of the empire of Germany. The parties agreed upon the trial that the court should reserve a consideration of the scope and effect of this law until after verdict, and to then dispose of it as a question of law, if plaintiff prevailed before the jury.

Charles V. Nellany, of Brooklyn, for plaintiff.
A. Leonard Brougham, of New York City, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KAPPER, J. The Appellate Division decision herein (149 App. Div. 900, 134 N. Y. Supp. 812), upon the appeal from the order denying defendant's motion to compel a reply to the separate defense contained in its answer, that the Employé's Compensation Law of the empire of Germany was a bar to the maintenance of this action, ruled ǂthat such defense should be replied to. This decision seems to me to hold in effect that the law, if proved, would constitute a complete defense. This law as proved upon the trial is even more comprehensive than the statement of it quoted from the answer by Mr. Justice Burr, who wrote for the Appellate Division. It is now shown, not alone that the law provides as the exclusive remedy for an employé injured either through his master's negligence or the hazards of the service a resort to the fund created by the Sea Accident Insurance Law of Germany, but, further, that such fund is the creation of the mutual contributions of both employer and employé under and pursuant to such law, and· that it is only under the terms of the law that the employé is taken into and permitted to enter upon the employer's service. If it is ever to be held in a master and servant negligence aċtion that the lex loci contractus which is foreign to the forum is to prevail, notwithstanding the action is ex delicto, and is brought in the forum where the cause of action arose, this seems to me to be that case.

[1] It has been said that when, as in case of a carrier and passenger or a master and servant, the relation between the wrongdoer and the injured person had its inception in a contract, there is a difference of opinion as to whether the law of the place where the contract was made or that of the place where the injury occurred prevails. 2 Wharton on Conflict of Laws (3d Ed.) p. 1103. Whatever conflict of authority there may be upon the question, it must be fairly regarded as determined in New York that the law of the place of the making of the contract, and not the law of the forum, governs. This was held in a case of passenger and carrier, where the only contract was the purchase by a passenger of his railroad ticket (Dyke v. Erie R. R., 45 N. Y. 113, 6 Am. Rep. 43), and in a case of servant against master, where the cause of action was defended upon the ground that a statute of Pennsylvania, which made the particular act of negligence in question that of a fellow servant and nonactionable, was a complete defense, the court there holding that the relationship of master and servant was *contractual,* and that as Pennsylvania was "the place of the contract" its law and not the law of the forum controlled (Voschefskey v. Hillside Coal & Iron Co., 21 App. Div. 168, 47 N. Y. Supp. 386). Wharton (supra, p. 1105) sets forth a like view in the statement that:

"Any defense based upon the express terms of the contract is governed by the lex loci contractus, even though the action is ex delicto."

In the Dyke Case, 45 N. Y. 117, 6 Am. Rep. 43, the court says:

"It cannot be assumed that the parties intended to subject the contract to the laws of the other states, or that their rights and liabilities should be qualified or varied by any diversities that might exist between the laws of those states and.the lex loci contractus. * * * Whether the actions are

regarded as actions of assumpsit upon the contracts, or as actions upon the case for negligence, the rights and liabilities of the parties must be judged by the same standard. The form of the action concerns the remedy, but does not affect the legal obligations of the parties. In either form of action the liability of the defendant and the rights of the plaintiffs are based upon the contracts. The defendant owed no duty to the plaintiffs, except in virtue of the contracts and the obligations for the violation and breach of which an action may be brought are only coextensive with the contracts made."

The Dyke Case, supra, which, as we have seen, was an action for personal injuries, has been applied or approvingly cited in a number of cases in our state in suits brought to recover against a carrier for loss of baggage or goods; it being held that the relationship was contractual and that the lex loci contractus governed. Curtis v. D., L. & W. R. R., 74 N. Y. 116, 120, 30 Am. Rep. 271; China Mutual Ins. Co. v. Force, 142 N. Y. 90, 100, 36 N. E. 874, 40 Am. St. Rep. 576; Grand v. Livingston, 4 App. Div. 589, 594, 38 N. Y. Supp. 490; Valk v. Erie R. R., 130 App. Div. 446, 449, 114 N. Y. Supp. 964. Unless, therefore, the adoption, application, and enforcement of the German law governing the plaintiff's employment would be contrary to the policy and fundamental laws of the state, I should say that the defense ought to prevail.

The case of Ives v. South Buffalo R. R., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156, is suggested as establishing a policy upon the part of the state of New York against the enforcement of a compulsory workmen's compensation act exclusive in character as is the German law in the case at bar. But that case did not so hold, for all that was there decided was that where the Legislature sought to impose on an employer engaged in a lawful business a liability for an injury suffered by his employé in the course of the employment, and due to no fault or negligence whatever upon the part of the employer, such an attempted law was a taking of the employer's property without due process of law. The court did not for a moment hold that it was not competent for employer and employé to agree to a compensation scheme in lieu of a right of action for damages. Nor has it ever been so held, so far as I know. In fact, we have now in this state an act whereby employer and employé may so contract (chapter 352 of the Laws of 1910).

[2] A foreign law, to which both employer and employé, engaged in interstate and foreign commerce and transportation, have subscribed, and upon the basis of which the contract of employment was made and entered into, where the cars or ships of the employer enter our state, and in or upon which while within our borders an accident occurs to the employé through his employer's negligence, particularly where the contract of employment provides for a fixed compensation in case of specified injury to take the place of a right of action at law, and which is lawful both in the place where made and that in which the cause of action arose, should obtain recognition and enforcement here. To hold otherwise works, not for benefit, but rather injury, to our interstate and foreign commerce.

In Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 448, 9

Sup. Ct. 469, 474 (32 L. Ed. 788), Mr. Justice Gray quotes from the case of Peninsular & Oriental Co. v. Shand, 3 Moore, P. C. (N. S.) 272, 290, as follows:

"The general rule is that the law of the country where a contract is made governs as to the nature, the obligation, and the interpretation of it. The parties to a contract are either the subjects of the power there ruling, or as temporary residents owe it a temporary allegiance; in either case equally they must be understood to submit to the law there prevailing and to agree to its action upon their contract. It is, of course, immaterial that such agreement is not expressed in terms; it is equally an agreement in fact, presumed de jure, and a foreign court interpreting or enforcing it on any contrary rule defeats the intention of the parties, as well as neglects to observe the recognized comity of nations."

The conclusion is reached that the German law is a bar to the maintenance of this action, and the motion to set aside the verdict and for a new trial is granted.