(78 Misc. Rep. 581.)

### ALBANESE v. STEWART et al.

(Supreme Court, Special Term, New York County. December 10, 1912.)

MASTER AND SERVANT (§ 87*)—INJURY TO SERVANT—STATUTORY LIABILITY— VALIDITY.

    The Employer's Liability Act of New Jersey of April 4, 1911 (P. L. 1911, p. 134), defining the liability of an employer for injuries received by an employé, and providing that a contract of hiring shall be presumed to have been made under the act, unless a contract of employment or a notice sent by either party to the other shall otherwise provide, is elective, and becomes compulsory on the parties only in the event neither disaffirms it, and is valid, and governs an action for an injury to an employé received in New Jersey, where neither party disaffirmed the statute.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

Action by one Albanese against one Stewart and another. Demurrer to separate defense overruled, with leave to plaintiff to reply.

M. A. Rofrano, of New York City, for plaintiff.

Carl Schurz Petrasch, of New York City, for defendants.

COHALAN, J. Plaintiff demurs to two separate defenses set up in the answer of the defendants. He alleges that they are insufficient in law and that they fail to set up facts sufficient to constitute a defense. This is a common-law action brought by the plaintiff, a servant, against his master, to recover damages for personal injuries sustained in the course of his employment in the state of New Jersey. The separate defenses are based on the Workman's Compensation Act of the state of New Jersey (chapter 95, Acts of 1911). It is conceded that the act was in force at the time of the accident, and that ordinarily the liability of the defendant would be governed by the laws of the state of New Jersey. Johnson, Adm'r, v. Phœnix Bridge Co., 133 App. Div. 807, 118 N. Y. Supp. 88; Stokes v. Barber Asphalt Paving Co., 134 App. Div. 363, 119 N. Y. Supp. 37. The first separate defense in the answer sets forth that the provisions of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute constitute a contract between the plaintiff and the defendant, whereby the plaintiff agreed to accept and the defendant agreed to pay a certain sum of money in case of injury occurring to the plaintiff while performing duties in the course of his employment; that each party agreed to waive all questions of the negligence of either and to be bound solely by the terms of the statute. The second separate defense sets forth the provisions·in the statute that, in case of dispute over or failure to agree on a claim for compensation, either party might submit the claim to a judge of the court of common pleas of the state of New Jersey, who was authorized to hear and determine such disputes; that the plaintiff, not having pursued the preliminary steps required by the statute, cannot now proceed thereunder.

The grounds urged to sustain the demurrer are these: (a) That the act of New Jersey is opposed to the public policy of the state of New York, to the decisions of the higher courts of this state, and is unconstitutional; (b) that the courts of this state are not bound to give full faith and credit to the public acts of the Legislature of New Jersey, when those acts are violative of the public policy of New York state. The position taken by the plaintiff is an anomalous one. The statute in question was undoubtedly drawn in the interest of the employé. The spirit of the times has demanded progressive legislation of this kind. Yet the plaintiff persists in maintaining his action under the rules of the common law. Under the common law the employé was held to have assumed the ordinary and obvious risks incident to the employment, as well as the special risks arising out of dangerous conditions, which were known and appreciated by him In the Labor Law and the Employer's Liability Act (Consol. Laws 1909, c. 31), which defined the risks assumed by the employé, are a great variety of duties and burdens unknown to the common law. Ives v. South Buffalo Ry., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156. The plaintiff had an opportunity to avail himself of this New Jersey statute, but has sought, principally on constitutional grounds, to attack it.

In the one decision in which the provisions of this statute were reviewed, and which is reported in Sexton v. Newark District Telephone Co. (Com. Pl.) 34 N. J. Law J. at pages 368–381, and 35 N. J. Law J. 8–29, the constitutionality of the act was upheld. In the case of Ives v. South Buffalo Ry., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156, it was held that compulsory compensation in certain dangerous employments was unconstitutional. However, the New Jersey act is not a compulsory statute. It is a so-called optional or elective statute. The act, in section 2, par. 9, provides that a contract of hiring shall be presumed to have been made under the act, unless a contract of employment or a notice sent by either party to the other shall otherwise provide, and no such contract has been made or notice sent by either party in this case. The statute therefore becomes compulsory only in the event that neither party disaffirms it. Following the decision of the United States Supreme Court in the case of Mondou v. N. Y., N. H. & H. Ry., re-

ported in 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, upholding the federal Employer's Liability Acts the several states have passed legislation embodying provisions similar to those contained in the statute in question. These statutes invariably have been declared constitutional.

The accident happened in the state of New Jersey, and, as the liability of the defendants is governed by the law of that state, I think that the demurrer should be overruled, with leave to the plaintiff to reply to the defenses set forth in the answer.