The magistrate would have jurisdiction, although the arrest was illegally made.

These provisions and others of like nature are directions to the officer or person making an arrest, which he disregards at his peril, but they have no bearing on the question of jurisdiction.

The Code of Criminal Procedure (§ 844) has to do with the duty of the officer to permit defendant to give an undertaking without being brought before the magistrate who issued the warrant. The magistrate may, if such an undertaking is given, then proceed in the absence of the defendant (Code Crim. Pro. § 855) in the same manner as if the arrest had been made in his county (Code Crim. Pro. § 854).

It was the duty of the magistrate, *if defendant was brought before him,* to inquire into the charge, and not into the question of *how.* defendant was brought there. (Code Crim. Pro. § 848.)

The orders should be affirmed.

CHASE and HOGAN, JJ., concur with COLLIN, J., and WILLARD BARTLETT, Ch. J.; SEABURY, J., reads dissenting opinion, and CUDDEBACK, J., and POUND, J., in memorandum, concur.

Orders reversed, etc.

---

In the Matter of the Claim of WILLIAM POST, Respondent, against BURGER & GOHLKE et al., Appellants.

**Workmen's compensation — resident of this state, employed by corporation engaged in business in this state, entitled to compensation when injured while engaged in employer's work in another state.**

1. The legislature has the power, in a case like that now under consideration, to compel a contract between employer and employee that is extraterritorial in effect.

2. In determining the intention of the legislature in enacting

the Workmen's Compensation Law of this state (Cons. Laws, chap. 67; L. 1914, ch. 41) there are two provisions of the act that must constantly be borne in mind as they affect and characterize all the other provisions of the act. 1. In the absence of substantial evidence to the contrary it must be presumed that the claim comes within the provisions of the act (§ 21). 2. The liability of the employer for compensation includes every accidental personal injury sustained by the employee " *arising out of and in the course of his employment, without regard to fault as a cause of such injury* " (§ 10).

3. The legislature, in passing the act, intended to secure injured workmen and their dependents from becoming objects of charity, and to make reasonable compensation for injuries sustained or death incurred by reason of such employment a part of the expense of the lines of business included within the definition of hazardous employments as stated in the act. The danger of injured working-men and their dependents becoming objects of charity is just as great when an accident occurs outside the boundaries of the state as it is when it occurs within the state, and the interests of the state in its citizens is just as great in one case as in the other.

4. The act, taken as a whole, in view of its humane purpose, should be construed to intend that in every case of employ-ment there is a constructive contract between the employer and employee, general in its terms and unlimited as to territory, that the employer shall pay as provided by the act for a disability or the death of the employee as therein stated. The duty under the stat-ute defines the terms of the contract.

5. Where, therefore, a resident of this state, employed by a corpo-ration engaged in business in this state, is sent by his employer to perform work in another state away from the plant of the employer but under the employer's express direction, and while engaged therein is injured, he is entitled to compensation when in other respects he comes within the provisions of the law.

*Matter of Post* v. *Burger & Gohlke,* 168 App. Div. 403, affirmed.

(Argued November 15, 1915; decided January 11, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 4, 1915, affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellants. The rules of statutory construction of this state forbid giving to the operation of the Workmen's Compensation Act any extraterritorial effect. (*Goodwin v. Young,* 34 Hun, 252; *American Radiator Co. v. Rogge,* 92 Atl. Rep. 85; *Davidheiser v. Hay F. & I. W. Works,* 38 N. J. L. 204; *Whitford v. Panama R. R. Co.,* 23 N. Y. 465; *McDonald v. Mallory,* 77 N. Y. 546; *B. & O. S. W. Ry. Co. v. Read,* 62 N. E. Rep. 488; *I. C. R. R. Co. v. Jordan,* 117 Ky. 512; *Burns v. R. R. Co.,* 113 Ind. 169; *Nathan v. Lee,* 152 Ind. 232; *Stokes v. Barber Asphalt Co.,* 134 App. Div. 366.) The giving of the Workmen's Compensation Act of this state an extraterritorial effect would produce inequality and injustice, and such interpretation should, therefore, not be adopted (*Matter of Meyer,* 209 N. Y. 386; *Hayden v. Pierce,* 144 N. Y. 512; *McDonald v. Mallory,* 77 N. Y. 546.) The contract of employment made in New York must be presumed to have had in contemplation the doing of the work in New Jersey, and the law of that state becomes a part of that contract as soon as the employee enters the state of New Jersey. (*American Radiator Co. v. Rogge,* 92 Atl. Rep. 85; *Stump v. Hallahan,* 101 App. Div. 383; 2 Whart. on Conf. of Laws [3d ed.], 1005; *Dike v. Erie R. R. Co.,* 45 N. Y. 115; *Schwartz v. I. G. & T. Co.,* L. R. [2 K. B. 1912] 200; *Schweitzer v. Hamburg-American Line,* 149 App. Div. 900; *Dickinson v. Edwards,* 77 N. Y. 573.) The contract of employment merely determines the relationship of master and servant upon which the law of the state where the injury is received becomes operative. (*A. G. S. R. R. Co. v. Carroll,* 98 Ala. 126; *Deeny v. Wright & Cobb Lighterage Co.,* 36 N. J. L. J. 121.) The Workmen's Compensation Act of New York not only contains no language evidencing an intent on the part of the legislature to give it an extraterritorial operation, so that, under the controlling authorities in this state, it is conclusively presumed that

the act has no such operation, but in fact the act contains express language precluding giving it such effect. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Goodwin* v. *Young*, 34 Hun, 252.) The fact that the premium for insurance is based upon the payroll of the employer, the number of employees and the hazards of the different classes comprising each group enumerated in the statute is not a sufficient basis to support a presumption that the legislature intended the act to apply to all injured employees of New York employers wheresoever such injury occurred. (*Gould* v. *S. & A. Mut. L. Ins. Co.*, 215 Mass. 480; *Winfield* v. *N. Y. C. & H. R. R. R. Co.*, 153 N. Y. Supp. 499; *Am. Radiator Co.* v. *Rogge*, 93 Atl. Rep. 1083.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The law of the place of contract rather than the law of torts should apply to workmen's compensation cases. The relation between the master and the servant is one of contract and the liability is one imposed by law on their contractual relation. (*Steamship Co.* v. *Joliff*, 2 Wall. 450; *Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349; *Taylor* v. *N. Y. Life Ins. Co.*, 209 N. Y. 29; *Newark Paving Co.* v. *Klotz*, 91 Atl. Rep. 91; *Perlsburg* v. *Muller*, 35 N. J. L. J. 202; *Davidheiser* v. *Hay F. & I. Works*, 37 N. J. L. J. 119; *Deeny* v. *Wright & Cobb Lighterage Co.*, 36 N. J. L. J. 121; *American Radiator Co.* v. *Rogge*, 86 N. J. L. 436; *Roundsville* v. *Central Ry. Co.*, 94 Atl. Rep. 392; *Voshall* v. *K. I. L. & T. Co.*, 7 N. C. C. A. 1221.) Under the wording of the Workmen's Compensation Law an employee is entitled to compensation when injured whether at work at the plant or in the course of employment away from the plant of his employer. (*Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Zirkus* v. *Florida East Coast Railway Co.*, 153 App. Div. 345; *Leonard* v. *Columbia Steam Nav. Co.*, 84

N. Y. 48; *Higgins* v. *Central New England R. R. Co.*, 515 Mass. 156; *Dennick* v. *Railroad Co.*, 103 U. S. **11**; *Mulhall* v. *Fallon*, 176 Mass. 266.)

CHASE, J.   Burger & Gohlke, a corporation, is engaged in sheet metal work at Brooklyn, in this state, and for more than two years employed William Post, a resident of Brooklyn, as a sheet metal worker.   The contract of employment was made in the state of New York.

On September 1st, 1914, he was sent by his employer to perform certain sheet metal work on a grain elevator in Jersey City, state of New Jersey, and while engaged in his work on that day a sheet of metal slipped from his hands and he received an injury to his wrist, compensation for which has been awarded.

Burger & Gohlke secured compensation for injuries to its employees as provided by section 50 of the Workmen's Compensation Law, by insuring with the Employers' Liability Assurance Corporation, Limited.

An appeal to the Appellate Division was taken by the employer and the insurance carrier from the award made by the state workmen's compensation commission and the award was confirmed by that court.   The only question involved on this appeal is whether the claimant, having received his injuries in the state of New Jersey and outside the boundaries of the state of New York, is entitled to compensation under the Workmen's Compensation Law.

If the claimant is only entitled to recover compensation for his injuries as for a tort, the general rule that an act of the legislature, unless otherwise shown, is not intended to apply outside of the boundaries of the state is applicable, and the award to him by the commission was erroneous.   (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Goodwin* v. *Young*, 34 Hun, 252; *McDonald* v. *Mallory*, 77 N. Y. 546; Story's Conflict of Laws, §§ 18–20; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Liverpool &*

*Great Western Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 448; *Gould's Case*, 215 Mass. 480.)

If it was the intention of the legislature to require that in every contract of employment in the cases provided by the act, there should be included and read into the contract the provisions of the act and that such provisions should be applicable in every case of injury wherever the employee is engaged in the employment, then the parties are bound thereby without reference to the place where the injury occurs. (*Pacific Mail S. S. Co.* v. *Joliffe*, 2 Wall. 450; *Dike* v. *Erie R. Co.*, 45 N. Y. 113; *Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349; *Taylor* v. *N. Y. Life Ins. Co.*, 209 N. Y. 29; *Pache* v. *Oppenheim*, 93 App. Div. 221, 225; *People ex rel. Dusenbury* v. *Speir*, 77 N. Y. 144; *Liverpool & Great West. Steam Co.* v. *Phenix Ins. Co.*, *supra*; *Kennerson* v. *Thames Towboat Co.*, 94 Atl. Rep. [Conn.] 372; *American Radiator Co.* v. *Rogge*, 92 Atl. Rep. [N. J.] 85; *S. C.*, 93 Atl. Rep. 1083; *Deeny* v. *Wright & Cobb Lighterage Co.*, 36 N. J. Law J. 121; *Rounsaville* v. *Central R. R. Co.*, 94 Atl. Rep. [N. J.] 392; *Davidheiser* v. *Hay Foundry & Iron Works*, 37 N. J. Law J. 119; *Perlsburg* v. *Muller*, 35 N. J. Law J. 202; *Matter of Schmidt*, Bulletin of the Industrial Comm. of Ohio, vol. 1, No. 7, p. 21; *Schweitzer* v. *Hamburg Am. Line*, 149 App. Div. 900; *S. C.*, 78 Misc. Rep. 448; *Albanese* v. *Stewart*, 78 Misc. Rep. 581; *Wasilewski* v. *Warner Sugar Refining Co.*, 87 Misc. Rep. 156. See opinions written in this case 2 N. Y. State Dep. Rep. 461; 168 App. Div. 403.)

It is well settled that the legislature has the power, in a case like that now under consideration, to compel a contract between employer and employee that is extraterritorial in effect.

In determining the intention of the legislature in enacting the Workmen's Compensation Law of this state there are two important provisions of the act that must constantly be borne in mind as they affect and characterize

all the other provisions of the act.  1. In the absence of substantial evidence to the contrary it must be presumed that the claim comes within the provisions of the act. (Workmen's Compensation Law [Cons. Laws, ch. 67], § 21.)  2. The liability of the employer for compensation includes every accidental personal injury sustained by the employee "*arising out of and in the course of his employment, without regard to fault as a cause of such injury.*" (Section 10.)

The act does not purport to provide compensation for a wrong.  The compensation is given without reservation and wholly regardless of any question of wrongdoing of any kind.  The act provides for compensation to employees which shall be payable generally for injuries sustained or death incurred in certain specified hazardous employments.  (§ 2.)  An employee as defined by the statute "means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the *course of his employment away from the plant of his employer;* * * *.*" (Section 3, subd. 4.)

Every employer subject to the provisions of the act shall pay or provide as required by the act for the "Disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment * * *.*" (§ 10.)  The language of the section from which the quotation is made is general and compulsory.  It is further provided: "The liability prescribed by the last preceding section [§ 10] shall be exclusive, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury. * * *" (§ 11.)

In case such an action is maintained in the courts for damages it is not necessary to plead or prove freedom from contributory negligence nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow-servant nor that the employee assumed the risk of his employment or that the injury was due to the contributory negligence of the employee.

It is provided that " the employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus as may be required or be requested by the employee, during sixty days after the injury." (§ 13.)   An injured employee is required if requested by the commission to submit himself to medical examination at a time and from time to time at a place *reasonably convenient for the employee.* (§ 19.)  If a workman entitled to compensation under the act is injured or killed by the negligence or wrong of another not in the same employ an option is given to take compensation under this act or pursue the remedy against such other. If compensation is taken under this act the cause of action against such other must be assigned to the state for the purposes prescribed.   (§ 29.)

An agreement for contribution by the employee toward the premiums paid or to be paid by the employer is void.  (§ 31.)  No agreement by an employee to waive his right to compensation is valid.  (§ 32.)  Claims for compensation shall not be assigned, released or commuted and are exempt from all claims of creditors.   (§ 33.)

An employer is required to secure compensation to his employees in the way prescribed by the statute.   (§ 50.) If he fail to comply with said section fifty he shall be liable to a penalty during which such failure continues, of an amount equal to the *pro rata* premium which would have been payable for insurance in the state fund for such period of non-compliance to be recovered in an action brought by the commission.   (§ 50.)

It is also provided that failure to secure the payment of compensation shall have the effect of enabling the injured employee or his dependents to maintain an action for damages in the courts. (§ 52.)

An employer securing payment of compensation by contributing premiums to the said fund is thereby relieved from all liability for personal injuries or death sustained by his employees and a similar relief from liability is obtained by the employer by payment of the compensation by himself or an insurance carrier. (§ 53.)

The commission may cause the deposition of witnesses residing within or *without the state* to be taken in the manner prescribed by law for like depositions for civil actions in the Supreme Court. (§ 72.) The act provides that the employments shall be divided into groups and that "The commission shall determine the hazards of the different classes composing each group and fix the rates of premiums therefor based upon the *total pay roll* the number of employees and each of such classes of employment at the lowest possible rate consistent with the maintenance of a solvent *state insurance fund* and the creation of a reasonable surplus and reserve; and for such purpose may adopt a system of schedule rating in such a manner as to take account of the peculiar hazard of each individual risk." (§ 95.)

Every employer who is insured in the state insurance fund shall keep a true and accurate record of the number of his employees and the wages paid by him and shall furnish to the commission upon demand, a sworn statement of the same. Such record shall be open to inspection at any time and as often as the commission shall require to verify the number of employees and the amount of the payroll. (§ 101.) Every employer shall keep a record of all injuries fatal or otherwise received by his employees *in the course of their employment.* (§ 111.)

The only sections of the act that are claimed by the appellants as showing that it was not the intention of the

legislature to give the act extraterritorial effect are section 2, subdivision 8, section 104 and section 114.

Section 2, subdivision 8, was doubtless drawn to avoid a conflict with the Federal Employers' Liability Act. The language of that subdivision should not be given an effect and meaning contrary to the general policy of the act as shown by reading it as a whole. Section 104 is the same in terms as it would have been had there been an express provision making a contract concededly applicable to employees in all parts of the world. Section 114 is one of limitation, intended to obviate a construction of the act violative of the Constitution of the United States. (*Matter of Jensen* v. *Southern Pac. Co.*, 215 N. Y. 514, 521.)

When the compensation act was passed the common-law rules relating to master and servant had become unsatisfactory, arising from the great increase in the number of persons employed in manufacturing and transportation and the changes in industrial conditions, and in the relation between employers and employees generally. It was claimed by many that the common-law rules had become obsolete, and that they were inequitable and unfair to the workingman. The difficulty under modern conditions of applying such common-law rules so as to work entire justice between employer and employee made a pronounced demand for some uniform system of compensation for injuries. The act was passed pursuant to a widespread belief in its value as a means of protecting workingmen and their dependents from want in case of injury when engaged in certain specified hazardous employments. It was the intention of the legislature to secure such injured workmen and their dependents from becoming objects of charity, and to make reasonable compensation for injuries sustained or death incurred by reason of such employment a part of the expense of the lines of business included within the definition of hazardous employments as stated in the act. It was also the

intention of the legislature to make such compensation not only a part of the expense of the business and a part of the cost of the things manufactured and of transportation as defined by the act, but ultimately to require such compensation to be paid by the consumer of the manufactured goods and by those securing transportation. (*Matter of Petrie*, 215 N. Y. 335; *Matter of Jensen* v. *Southern Pacific Co.*, *supra.*) The danger of injured workingmen and their dependents becoming objects of charity is just as great when an accident occurs outside the boundaries of the state as it is when it occurs within the state. The interests of the state in its citizens is just as great in one case as in the other. The provisions in the act making the insurance of employers a part of the scheme and purpose of the act are to make certain that the compensation provided by the act will be paid. The failure to provide such insurance takes away in part the benefits that the employer receives pursuant to the act. The employer in this case assented to the contract of employment under the act to the extent of providing insurance with the insurance carrier. The act, in view of its humane purpose, should be construed to intend that in every case of employment there is a constructive contract between the employer and employee, general in its terms and unlimited as to territory, that the employer shall pay as provided by the act for a disability or the death of the employee as therein stated. The duty under the statute defines the terms of the contract. (6 Ruling Case Law, 588; *Board of Highway Comrs.* v. *City of Bloomington*, 253 Ill. 164.)

Our conclusion as to the intention of the legislature is reached from the act as a whole. The intention is also specifically shown by the fact as already stated that an employee as defined by this act, includes a person engaged in the course of his employment away from the plant of the employer. The language of the statute if construed literally, and we see no reason why it should not be,

expressly includes the employee in this case, as he was engaged in his employment in New Jersey, away from the plant of his employer, and under the employer's express direction.

It is also specifically shown by the fact that the cost of insurance is determined by ascertaining the number of *all the employees* of the employer and *the wages paid to them.* There is no provision in the act for ascertaining the number of employees of an employer engaged in employment within the state of New York nor is there any deduction from the amount to be paid for state or other insurance by reason of the fact, if true, that a portion of the employees of an employer are or may be engaged outside of the boundaries of the state. The provision in regard to insurance and the manner of ascertaining the premium for the same and the fact that no provision is made for basing the insurance premium on employment within the state or in any way limiting the liability of the insurance carrier to injuries received in the state, shows that the act was passed without intending to limit the same to a contract for employment within the state. The purpose of the legislature would seem to require that the act be read into every contract of employment and provide compensation for every injury incurred while engaged in such employment without limitation. The act requires insurance in general terms and is in terms applicable to injuries without limitation. The provisions in regard to the premiums are particularly important in view of the fact that the state becomes a party to the contract and requires that the premiums be paid to it, fixed upon the *total payroll and number of employees.*

The provisions of the Massachusetts Compensation Act mentioned in the *Gould Case (supra),* as showing an intention by the legislature of that state to confine its effect to accidents happening within that state, are not to be found in the act in this state. The reference to deci-

sions under statutes permitting an action to recover damages for a wrongful act, neglect or default by which a decedent's death was caused is inapplicable except in other actions for a wrong, neglect or default. It has been urged that if the relation between the employer and employee under the act is deemed contractual, it should even then be held that the intention was to contract with reference to accidents within the state. As against this contention stands the general and comprehensive purpose of the act as stated. The decisions are quite uniformly against such claim of the appellants. The decisions in Connecticut and New Jersey to which we will call special attention are applicable to our statute. It may be said that there is an optional feature included in the statutes in those states. That fact goes only to the determination of the question whether the act shall be deemed a part of the contract between the employer and employee and it does not affect the question whether if the relation of the employer and employee is construed as contractual it applies generally and without the bounds of the state. If the relation between the employer and employee is contractual the contract should be construed as binding upon both parties thereto without limitation as to territory the same as all ordinary contracts, based upon mutual agreement independent of statutory duty. (See Bradbury Workman's Compensation [2d ed.], 50.)

In *Kennerson* v. *Thames Towboat Co.* (94 Atl. Rep. [Conn.] 372) the court was considering the claims of personal representatives of deceased workmen. The workmen were at the time of their contracts of employment residents of Connecticut and they were employed in that state, but each lost his life by accident occurring while engaged in his employment outside the boundaries of the state. The court say: "The relation arising between these employers and employees was that of contract. Recovery was not dependent upon the fault of the employer but upon the terms of the contract made.

\*   \*   \*   If this proceeding were one to secure a recovery for a tort the place of the injury would determine the right of recovery   \*   \*   \*. It is not claimed, nor do we see how it could be with success, that a state may not provide that contracts of employment entered into without its bounds may include compensation for injury arising out of and in the course of the employment in another jurisdiction   \*   \*   \*. Its intent was to afford protection to all Connecticut employers and employees who might voluntarily choose to make its provision for compensation for injury a part of its contracts of employment \*   \*   \*. If our act intends its contracts of employment to include compensation for injuries occurring only within our jurisdiction it manifestly defeats its own ends. In that case the employer *may not charge to the industry the compensation for injuries occurring without the state,* and the employee or his dependents may not collect the same. Neither employer nor employee can know what portion of this period of employment will be subject to the provisions of the act, and no provision for insurance of this liability will be practically possible, since it may not ordinarily be known what part of the service will be in and what part out of the state, or in what jurisdiction the service will be performed.   \*   \*   \* ''

The court, referring to the *Gould* case, say: '' It may be well, however, to point out that the court does not state that its act is contractual in character   \*   \*   \*. We have adopted a broader rule. We read our act in the light of the purpose, subject matter and history of the act to determine whether it expressly or by reasonable inference intended to include in its contract injuries without our jurisdiction.'' The recovery of the claimants was sustained.

In *Deeny* v. *Wright & Cobb Lighterage Company* (36 N. J. Law J. 121) the petitioner, a resident of Newark, New Jersey, was employed in Newark by a New Jersey corporation. His duties related to loading and unload-

ing freight carried by boats running to and from said city. He was injured while engaged in his duties in the city of New York. The court held that the Workmen's Compensation Act of New Jersey applied to the case of the petitioner. In the opinion it is said: "The objects of our act are to protect the citizens and inhabitants of New Jersey. It is based upon the proposition that the inherent risks of an employment should, in justice, be placed upon the shoulders of the employer, who can protect himself by an addition to the price of his product, and so cause the burden ultimately to fall upon the consumer."

Referring to the act it is said: "It appears that there is an implied contract to compensate for injuries arising out of and in the course of the employment and under it all other methods and rights to any other form of compensation are relinquished. The statute can have no extraterritorial effect, *but it can require a contract to be made by two parties to a hiring that the contract shall have an extraterritorial effect.* The contract is binding upon the employee himself and upon the employer, and it is conclusively presumed that the parties have accepted" its provisions and have agreed to be bound thereby.

In *Rounsaville* v. *Central Railroad Co.* (94 Atl. Rep. 392) a person was employed in New Jersey as a brakeman. He was injured in Pennsylvania. There is no question but that he was engaged in interstate commerce. Held, that the claim of the employee should be sustained and that the Federal Employers' Liability Act is applicable only to liability in tort for negligence while the Workmen's Compensation Act in New Jersey "is contractual, and, while the contract liability is implied from silence, either party is at liberty to adopt or reject the statutory contract * * *. The liability of the employer depends not on any fault of his own or his servants, but on whether, by act or by silence, he has adopted the statutory

terms.   The amount of his pecuniary liability is fixed by statute and not by the verdict of a jury."

Referring to the question of the extraterritorial effect of the act, the court say: " We are now dealing with the simpler question, whether a New Jersey court will enforce a New Jersey contract, according to the terms of a New Jersey statute.   The question hardly calls for an answer. The place where the accident occurs is of no more relevance than is the place of accident to the assured, in an action on a contract of accident insurance, or the place of death of the assured, in an action on a contract of life insurance. "

The courts of this state have recognized the compensation laws of other states and countries and give effect to such laws unless they are contrary to the laws or policy of this state.   (*Schweitzer* v. *Hamburgh Am. Line,* 149 App. Div. 900; *S. C.,* 78 Misc. Rep. 448; *Albanese* v. *Stewart,* 78 Misc. Rep. 581; *Wasilewski* v. *Warner Sugar Refining Co.,* 87 Misc. Rep. 156.   See *Wooden* v. *Western N. Y. & P. R. R. Co.,* 126 N. Y. 10; *Dennick* v. *Railroad Co.,* 103 U. S. 11.)

We appreciate that any determination that may be made of the question under consideration will result in some practical difficulties in administering the statute, but the difficulties that will be met with in administering the statute construed as requiring a contract binding upon both parties without limitation will be less burdensome than the difficulties that would be experienced with a contrary construction of the statute.   The practical difficulties that may be met in administering the statute as herein construed can be substantially overcome by adopting rules for the commission or perhaps by further legislation.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Order affirmed.