VINCENT WILLIAM BUCCHERI, PETITIONER-APPELLANT, v. MONTGOMERY WARD & COMPANY, RESPONDENT-APPELLEE.

Hudson County Court
Law Division

Decided April 29, 1955.

*Mr. Robert Scherling,* attorney for the petitioner-appellant.

*Messrs. McDonough & McDonough* (*Mr. Edward J. Mc-Donough,* appearing), attorneys for the respondent-appellee.

DUFFY, J. C. C. This is an appeal by petitioner from a dismissal of his claim by the Division of Workmen's Compensation, Department of Labor and Industry. Primarily, the issue is one of jurisdiction and the effect to be accorded a determination by the Workmen's Compensation Board of the State of New York covering the same accidental injury as is here litigated.

Petitioner was a resident of Elmhurst, New York, at the time of the occurrence under review. He testified that six years earlier he had been engaged to work in the stock department of respondent company in its New York City office located at 75 Varick Street. The contract of employment was entered into in New York. At the time of the accident, he had been promoted and was serving in the job of assistant

buyer of night wear. His duties required him to call on various manufacturers in the metropolitan area to expedite deliveries. Most frequently, he called upon manufacturers within the New York city limits but, "about ten or twelve times, more or less" a year, he visited fabricators in New Jersey. While on such a mission in New Jersey he sustained the injuries presently considered. Petitioner continued to reside in New York at the time the present petition was filed. He has also continued his employment with respondent in its New York office.

On November 14, 1952, while travelling in his own car on the New Jersey Turnpike en route to Bridgeton, New Jersey, to call upon a supplier of merchandise, petitioner's automobile was struck and damaged by a car which had been proceeding in his rear. The accident occurred in Kearny, New Jersey. He immediately notified his superior in the New York office of the occurrence, including his personal injuries, and was advised to return home and place himself under a doctor's care. Petitioner remained at home for $2\frac{1}{2}$ weeks under the care of physicians, during which time he received full salary from the respondent. The company also paid for the required medical services.

On December 11, 1952 petitioner filed a claim for compensation, based upon the above accident, with the Workmen's Compensation Board, State of New York. He testified that this was done at the suggestion of a Mr. Madden, a lawyer employed in the legal department of respondent. Subsequently, upon receipt of a notice of hearing, he wrote to the Compensation Board, again, he said, at the suggestion of Mr. Madden, and advised that "* * * I wish to have this claim closed pending the result of my claim against third party."

The complete file of the proceedings, Case No. 15227609, between the present petitioner and the present respondent, in the Workmen's Compensation Board, State of New York, was received in evidence. The file shows that on March 9, 1953 a hearing on petitioner's claim occurred before Referee Otto Schneppel. The claimant did not appear nor did

anyone appear on his behalf. T. W. Madden appeared as counsel for the employer. The following is a stenographic transcript of the proceedings:

"THE REFEREE: Claimant has returned his notice of hearing saying that he received his full wages during the period of disability and requesting that this file be closed pending the outcome of his third party action.

MR. MADDEN: He was out from November 18th to December 1. I have a C-4 dated December 3rd which says tenderness of all the cervical vertebrae and dorsal vertebrae, neck stiffness and painful.

THE REFEREE: Make findings of accident, notice and causal relation for an injury to spine. Award from November 18, 1952 to December 1, 1952 at $32.00 per week and the case is closed pending outcome of third party action.

MR. MADDEN: We claim reimbursement.

THE REFEREE: To reimburse the employer."

Petitioner testified at the hearing below that he repeatedly inquired of Mr. Madden how his prospective suit against the owner and operator of the vehicle which had collided with him was progressing. Madden replied that he was trying to effectuate a settlement through the owner's insurance carrier. Meanwhile, time was passing rapidly without redress or relief to his problem. Petitioner was aware of the statutory limitation for the commencement of negligence actions in New Jersey. He consulted local counsel. His present attorney immediately started an action against the third party in the Superior Court of New Jersey which is awaiting trial. On October 17, 1954 he filed the claim petition, *sub judice*, with the New Jersey Division of Workmen's Compensation.

In its answer respondent set up the defenses of estoppel, *res judicata* and election of remedies. Petitioner contends that respondent company is debarred of these defenses because he did not appear before the New York Compensation Board and the defense of *res judicata* is therefore not applicable and, secondly, that an award under the Workmen's Compensation Act of one state will not bar a proceeding under an applicable act of another.

Before discussing the legal arguments, I must point out that in answer to specific questions both the petitioner and

his counsel denied any fraud or misrepresentation by either Mr. Madden or any one on behalf of the respondent company.

█ As to the first point, *res judicata*, the finding in *Klein v. Pepe*, 99 *N. Y. S. 2d* 794 (*Sup. Ct.* 1950), as stated by Mr. Justice Nova, seems pertinent:

" 'The award in compensation proceedings has the force and effect of the verdict of a jury. Being in the nature of a judgment, it finally and conclusively determines the rights of the parties under the workmen's compensation acts unless set aside in a proper manner, and is as binding as a judgment of a court and entitled to the same faith and credit as such a judgment.' "

A similar conclusion has been reached by our New Jersey courts.

"A 'finding and determination' by the [workmen's compensation] bureau is essentially a final judgment, and may properly be pleaded as a basis for the application of the doctrine of *res adjudicata.*" *Mangani v. Hydro, Inc.*, 119 *N. J. L.* 71 (*E. & A.* 1937).

Or, as stated by Judge Bigelow in *Estelle v. Bd. of Education, Red Bank*, 26 *N. J. Super.* 9, 25 (*App. Div.* 1953), modified on appeal to deny new trial, 14 *N. J.* 256 (1954):

"There remains the question of *res judicata*, or estoppel by record. While the Workmen's Compensation Division is part of the administrative branch of the government and not of the judicial, still a determination by the Division has most of the attributes of a final judgment and concludes the parties on all questions of law and fact comprehended by the determination. *Hopler v. Hill City Coal & Lumber Co.*, 5 *N. J.* 466 (1950). Including the questions of jurisdiction and the right to compensation. *Drake v. C. V. Hill & Co.*, 117 *N. J. L.* 290 (*E. & A.* 1936)."

Edward M. Sullivan, a member of the New York bar, testified as an expert regarding the New York Workmen's Compensation Law. He stated that under section 20 of the act the decision of the hearing board shall be final as to all questions of fact and, except as limited by section 23 (appeals section), as to all questions of law. In answer to a question regarding the disposition of present petitioner's

compensation claim against respondent in New York, the witness replied:

"This case is closed. This has been finally determined and will stay closed unless the petitioner, or claimant in a New York action, is unsuccessful in his third party action. If unsuccessful, he may go back to New York within eighteen years and may re-open his case."

The grounds for re-opening would be additional disability. Furthermore, Rule 14, section (c) of the rules and regulations governing the New York Workmen's Compensation Board provides for application for the rehearing of a claim when "It would be in the interest of justice."

I repeat that no allegation of fraud is made by petitioner against Mr. Madden or any one acting on behalf of the respondent company. The application to mark the case closed was made in the handwriting of petitioner endorsed over his admitted signature. It is quite obvious that the motion was made with his full consent and approval.

Petitioner contends that despite the determination in the New York Workmen's Compensation Board he is not precluded from commencing proceedings in the New Jersey Workmen's Compensation Division, citing *Miller v. National Chair Co.*, 127 *N. J. L.* 414 (*Sup. Ct.* 1941), affirmed 129 *N. J. L.* 98 (*E. & A.* 1942) ; *American Radiator Co. v. Rogge*, 86 *N. J. L.* 436 (*Sup. Ct.* 1914), affirmed 87 *N. J. L.* 314 (*E. & A.* 1915), and several federal cases. I think these decisions can be distinguished from the case at bar. In the *Miller* case, *supra*, the contract of employment was made in New Jersey whereas in the case *sub judice* the contract of employment was made in New York. In the *Rogge* case, *supra*, the contract of employment was made in New York but contemplated performance of services both in New York and New Jersey. The decision was rendered in 1914, shortly after the adoption of a workmen's compensation act in New Jersey (1911) and at a time when none existed in New York. The accident occurred in New Jersey and Rogge died as a result of the injuries sustained. I think that the Supreme

Court in finding that the workmen's compensation act made no distinction between cases arising under a contract made in this State and a contract made in another was motivated by a sense of social justice and a desire to apply a liberal construction to the new legislation to afford the only available relief possible to the dependents under the circumstances. Incidentally, a strong dissenting opinion was filed by Mr. Justice Parker in the Supreme Court.

The federal cases cited can be distinguished on the grounds that the workmen's compensation acts of the various states differ in language, provisions and legal effect. In none of the cases cited was the New Jersey Workmen's Compensation Act involved. The findings of the United States Supreme Court predicated upon compensation statutes of the several states cannot have binding effect upon this court without further proof of their applicability.

The ruling here must follow the decision of our Supreme Court in *Franzen v. E. I. DuPont de Nemours & Co.*, 128 *N. J. L.* 549 (*Sup. Ct.* 1942). Franzen was killed in an accident which arose out of and in the course of his employment in Louisiana. He had originally been hired to work by the same company in its New Jersey plant. He was discharged from employment during the slack period. Subsequently, he was rehired and entered into a new contract of employment with the same employer at its Baton Rouge, Louisiana, factory. A proceeding was commenced in the Workmen's Compensation Bureau of New Jersey by the widow seeking death benefits. Mr. Justice Bodine wrote the opinion of the Supreme Court and stated:

"The question to be determined is the place where the contract of employment was made under which deceased was working at the time of his death. If the contract was not made in this State, the Bureau was without jurisdiction and whatever remedy the plaintiff may have is in another forum. The determination of the situs of a contract of employment is a question of fact. Was the deceased employed under a contract made in this State at the time of the accident resulting in death? We decide that he was not."

*Cf. Crawford v. Trans World Airline*, 27 *N. J. Super.* 567 (*Cty. Ct.* 1953).

Mr. Justice Brennan, speaking for the Supreme Court, in *Stacy v. Greenberg*, 9 *N. J.* 390 (1952), has reviewed the rights of a workman in a somewhat analogous situation. He stated, in 9 *N. J.*, at *page* 396:

"The New York [workmen's compensation] statute became an integral part of plaintiffs' employment contracts when those contracts were entered into in New York. *Post v. Burger & Gohlke*, 216 *N. Y.* 544, 111 *N. E.* 351 (*Ct. App.* 1916). It is the incorporation of the terms of the New York Workmen's Compensation Law into his contract of employment entered into in that state which entitles the employee who sustains injuries outside of New York in the course of doing work incident to his New York employment to benefits under the New York law,"

citing New York cases.

Moreover, Justice Brennan points out in the same decision:

"Section 11 of the New York act makes the liability of the employer to pay compensation 'exclusive and in place of any other liability whatsoever, to such employee * * * at common law or otherwise on account of such injury' unless the employer fails to secure the payment of compensation for his injured employee." (9 *N. J.*, at *page* 396.)

There has been no proof in the instant case that the employer has failed to secure the payment of compensation for this injured employee. The claim was marked closed at his request pending outcome of the third-party suit.

For the reasons stated above it is my opinion that the New Jersey Workmen's Compensation Division does not have jurisdiction to hear the present claim.

I will sign a judgment of dismissal.