Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM T. CHARLTON, Respondent, for Compensation under the Workmen's Compensation Law, v. THE HILTON-DODGE TRANSPORTATION COMPANY, Employer, Appellant.

Third Department, May 2, 1917.

Workmen's Compensation Law — application to foreign corporation engaged in interstate commerce — injury to engineer of tug owned by foreign corporation.

A resident of this State employed as chief engineer of a tug owned by a corporation having its principal place of business in the State of Georgia but enrolled or registered in the custom house in the port of New York,

and engaged in interstate commerce between Atlantic ports, is not entitled to the benefit of the Workmen's Compensation Law for injuries sustained while on Long Island sound, *en route* between Portland, Me., and New York city.

The Workmen's Compensation Law does not undertake to charge corporations of a sister State or of a foreign government carrying on interstate or foreign commerce with the burdens thereof.

KELLOGG, P. J., and LYON, J., dissented, with opinion.

APPEAL by the defendant, The Hilton-Dodge Transportation Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 11th day of September, 1916.

*James A. C. Johnson,* for the appellant.

*Egburt E. Woodbury,* Attorney-General, and *Robert W. Bonynge,* counsel to State Industrial Commission [*Robert H. Grimes,* assistant counsel to State Industrial Commission, of counsel], for the respondents.

WOODWARD, J.:

There is no dispute as to the facts in this case. The Hilton-Dodge Transportation Company is a Georgia corporation, with its principal place of business in Savannah. Its business is the transportation of lumber between Atlantic ports from Philadelphia to Portland, Me. Among its vessels was the tug *W. B. Keene,* which was enrolled or registered in the custom house in the port of New York, and had painted upon its stern the words " W. B. Keene, New York, N. Y." On the 25th of March, 1916, while said tug was *en route* between Portland, Me., and New York, N. Y., an accident occurred which resulted in injuries to the right hand of William T. Charlton, chief engineer of the tug. The accident occurred while the tug was off New London, Conn., on Long Island Sound, and while the tug was engaged in interstate commerce. Mr. Charlton is a resident of Brooklyn, N. Y., and was hired in the port of New York. The question presented upon this appeal is whether the injuries are subject to compensation under the provisions of the Workmen's Compensation Law of the State of New York.

The State Industrial Commission has held that the injuries are such as could be compensated under the laws of this State, and the appellant challenges this ruling.

Group 8 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provides for the compensation of persons injured in the " operation, within or without the State, including repair, of vessels other than vessels of other States or countries used in interstate or foreign commerce, when operated or repaired by the company," and the respondent urges that this is sufficient to justify the award; that the mere fact that the owner of the vessel resides in Georgia is not sufficient to take the case out of the operation of the statute. We are of the opinion, however, that the award may not be sustained; that the whole statute is to be read and construed, and that it does not undertake to charge corporations of a sister State, or of a foreign government, carrying on interstate or foreign commerce, with the burdens of this act.

The language of group 8 of section 2, it should be observed, does not hinge entirely upon the question of the " vessels of other States or countries; " it is the fact that the " vessels of other States or countries " are "used in interstate or foreign commerce," which excepts them from the operation of the group. The vessels of any State or country, engaged in intrastate commerce, are unquestionably included in the group; the fact that in the conduct of such intrastate commerce they might pass outside of territorial waters of the State would make no difference. If, however, they were engaged in interstate commerce then the clear language of the statute excludes them from its operations. It is the " operation, within or without the State, * * * of vessels other than vessels of other States or countries used in interstate or foreign commerce " which is declared to constitute a hazardous employment, and when any vessel of another State or country is shown to have been engaged in interstate or foreign commerce it is clearly beyond the jurisdiction of the Industrial Commission of the State of New York to impose a burden such as is contemplated by the Workmen's Compensation Law. It is the operation of vessels in intrastate commerce, whether these vessels are of foreign or domestic ownership, that gives

legitimate jurisdiction for the operation of the legislation of this State upon employees operating such vessels, and the effort to make it cover the present case cannot find support in this court.

That the above is the true construction of group 8 is clear when we come to consider the provisions of section 114, for it is not to be doubted that this is a limitation upon this group. It provides that the " provisions of this chapter shall apply to employers and employees engaged in intrastate * * * commerce * * * only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce," with a like provision for those engaged in interstate or foreign commerce " for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States." It is only when the employer and employee are mutually connected with intrastate work in such a manner that it may be clearly separable and distinguishable from interstate or foreign commerce that the chapter is to have effect, " except that such employer and his employees working only in this State may, subject to the approval and in the manner provided by the Commission and so far as not forbidden by any act of Congress, accept and become bound by the provisions of this chapter in like manner and with the same effect in all respects as provided herein for other employers and their employees."

In other words, the Workmen's Compensation Law does not undertake to usurp the powers of Congress, or to legislate for persons or corporations not within its jurisdiction. For those engaged in intrastate commerce in vessels, whether within or without the State, it provides for compensating employees, but it is careful to exclude all matters of interstate commerce, except under conditions which cannot offend against the laws of Congress; and the State Industrial Commission has no power to go beyond the limits fixed by the statute.

The award appealed from should be reversed.

All concurred, except KELLOGG, P. J., who dissented, with opinion, in which LYON, J., concurred.

KELLOGG, P. J. (dissenting):

The Workmen's Compensation Law substantially enters into every contract of employment made within the State, without reference to where the service is to be rendered. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544.)

The injured employee resides in this State, was hired and paid here, and has the benefit of that law, which, as we have seen, is a part of his contract of employment. By group 8 of section 2 of the law; "The operation, within or without the State, including repair, of vessels other than vessels of other States or countries used in interstate or foreign commerce, when operated or repaired by the company," is a hazardous employment.

The vessel in question was registered at New York, and that was her home port. Section 4141 of the United States Revised Statutes requires vessels to be registered "by the collector of that collection-district which includes the port to which such vessel shall belong at the time of her registry; which port shall be deemed to be that at or nearest to which the owner, if there be but one, * * * usually resides." The name of the vessel and the "home port" must be marked upon the stern. (U. S. R. S. § 4178.) By our Navigation Law (§ 19) the vessel is to have the name and " the port to which she belongs painted on her stern." The transportation company, the alleged owner, was a foreign corporation, with its office at Savannah, Ga. It also had a New York office and was engaged in interstate transportation from New York south and New York north, and at the time of the accident the vessel was making the return trip from Portland to New York. But the law required that she be registered in the district in which she belonged, which is deemed that nearest to where the owner resides. Quite probably the corporation, while in effect transacting its principal business from New York, had a Georgia charter, and for that reason was required to keep an office in that State. By section 4137 of the United States Revised Statutes, registration of a boat belonging to a corporation may be in the name of the president or secretary. I think we are justified in concluding that the company is not in a position to deny that the vessel is properly registered in New York or that New York is in fact the residence of the

party to whom registration was granted. It is not very material where the technical residence of the real owner was. We may assume, as the company did when it registered the vessel, that it belonged to New York, and such assumption is well within the favorable presumption of the Workmen's Compensation Law.

If the vessel was taxable in Georgia, as indicated by *Southern Pacific Co.* v. *Kentucky* (222 U. S. 63) that is not very important. This is not a case of taxation, but the question is whether, in interpreting the Workmen's Compensation Law of this State, the vessel was a vessel of another State or country, and we conclude that the Commission was justified in saying that it was not.

Section 114 of the Workmen's Compensation Law is construed as removing from the other provisions of the law only cases which are covered by the Federal statutes. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Winfield* v. *N. Y. C. & H. R. R. Co.*, 216 id. 284; *Matter of Burns* v. *Southern Pacific Co.*, 215 id. 738.) The Federal Employers' Liability Act has no application here, as no negligence is shown, and it is not alleged that there is any Federal statute covering the case of a workman who seeks compensation for an injury caused without fault of the employer. I, therefore, favor an affirmance.

LYON, J., concurred.

Award reversed and claim dismissed.