## THIRD DEPARTMENT, MAY, 1920.

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim for Compensation under the Workmen's Compensation Law Made by MARY PATTERSON, Widow, Appellant, on Behalf of Herself and Infant Sons, on Account of the Death of CECIL PATTERSON, Deceased, *v.* LEHIGH VALLEY TRANSPORTATION COMPANY, Self-Insurer, Respondent.

*Workmen's Compensation Law — injury on boat registered in Buffalo and engaged in transportation on Great Lakes.*

Appeal from an order of the State Industrial Commission, entered in the office of said Commission on the 31st day of March, 1919, rescinding an award made and entered on the 19th day of August, 1918.

Decision affirmed. All concur, except John M. Kellogg, P. J.

JOHN M. KELLOGG, P. J. (dissenting): The *Mauch Chunk* was built and registered at Buffalo and was engaged solely in transportation upon the Great Lakes from that port. Since the amendment to the Federal act saving to claimants the rights under the Workmen's Compensation Law, group 8 of section 2 was re-enacted and this case is within the letter and spirit of the group.* *Charlton* v. *Hilton-Dodge Transportation Co.* (178 App. Div. 385) was with reference to a maritime claim before the amendment, and the Workmen's Compensation Law could not apply to it. I favor a reversal.

* See U. S. Judicial Code (36 U. S. Stat. at Large, 1091), § 24, subd. 3, as amd. by 40 id. 395, chap. 97, § 1; U. S. Judicial Code (36 id. 1160, 1161), § 256, subd. 3, as amd. by 40 id. 395, chap. 97, § 2; Workmen's Compensation Law, § 2, group 8, as re-enacted by Laws of 1918, chap. 249.— [REP.