---

## GARDENER v. HORSEHEADS CONST. CO. et al.

(Supreme Court, Appellate Division, Third Deparment.  January 5, 1916.)

1. MASTER AND SERVANT $\Longleftarrow$87½.  New, vol. 16 Key-No. Series—DEATH OF SERVANT—COMPENSATION—RIGHT TO AWARD.

   Where an employer, with office in New York and carrying insurance as to employés engaged in work in the state, under the Workmen's Compensation Law (Consol. Laws, c. 67), the pay rolls on jobs out of the state not being used as a basis for such insurance, employed decedent while he was out of the state to engage in the employment in which he was engaged in Pennsylvania at the time of his death, compensation could not be awarded, though the contract be regarded as one made in New York.

2. MASTER AND SERVANT $\Longleftarrow$250¾, New, vol. 16 Key-No. Series—PROCEEDINGS UNDER WORKMEN'S COMPENSATION LAW—FINDINGS OF COMMISSION—REVIEW.

   While the hearing in proceedings before the commission under the Workmen's Compensation Law is of a summary character, and the commission is not bound by the ordinary rules of evidence and practice, yet where its determination as to the facts does not rest on the facts pre-

sented and admitted and the inferences reasonably deducible therefrom, such determination may be reversed as error of law.

3. MASTER AND SERVANT ⊚⟶250¾, New, vol. 16 Key-No. Series—DEATH OF SERVANT—FINDINGS OF STATE INDUSTRIAL COMMISSION—BASIS OF AWARD.

Findings of the commission in proceedings under the Workmen's Compensation Law that decedent was employed as a foreman by a New York company, and that for the purposes of his work his employer sent him from New York "to the place where the accident happened," were evasive and valueless as the basis of an award, and rendered erroneous an award thereon, where it was admitted that deceased was not a foreman in the general and regular employ of the company, but had been engaged while outside the state for the particular job on which he was employed outside the state at the time of his death.

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act by Lizzie Gardener to obtain compensation for death of Emmett M. Gardener, opposed by the Horseheads Construction Company, the employer, and the Maryland Casualty Company, the insurance carrier. Compensation was awarded by the Commission, and the employer and insurer appeal. Reversed, and remitted to the Commission.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

James J. Mahoney, of New York City (F. Wright Moxley, of New York City, of counsel), for appellants.

Henry F. Gardner, of Callicoon, for claimant.

Egbert E. Woodbury, Atty. Gen., and Jeremiah F. Connor, of New York City, for State Industrial Commission.

JOHN M. KELLOGG, P. J. The question is whether the Workmen's Compensation Law covers this accident, which happened at the plant of the employer at Ford City, Pa. There is no dispute about the facts. The employer was a general contractor, with office at Horseheads, N. Y., and performed contracts in the states of New York, Pennsylvania, Maine, Ohio, and wherever favorable opportunity presented itself. At times from 1902 to 1905 the decedent was in the employ of the company at various places. His next employment with it was in 1912, upon a job at Chemung, N. Y. When that job was completed, he returned to his home at Callicoon, N. Y., for several months, and then was employed, at a job at Old Town, Me. While at Old Town he arranged with the company to go to Plymouth, Pa., late in the year 1913, but returned home for a time before going to Plymouth. From the Plymouth job he went to a job at Townsville, Ohio. He then returned home for a couple of months. He was then employed by the company at Towanda, Pa., and when that job was nearly completed he agreed with a representative of the company at Towanda that he would go to Ford City upon the job to be undertaken by it there, and was to receive $4 per day for his work. He desired, however, to return to Callicoon for a few days' vacation. Not reporting at Ford City as agreed, the company wrote him from Horseheads, sending him money for transportation, and asking him to report for duty at Ford City. He used up the money, but did not go. The company again

wrote him from Horseheads, urging him to go, as he was needed, and finally sent him a check payable to the railroad company for fare. He went to Ford City, and was there killed while working upon the bridge the company was erecting at that place. The company insured its employés who were engaged in work in the state of New York, pursuant to the Workmen's Compensation Law. The pay rolls on jobs out of the state were not used as a basis for such insurance. It carried a general insurance covering liability for all employés not engaged within the state.

In Spratt v. Sweeney & Gray Co., 168 App. Div. 403, 153 N. Y. Supp. 505, we held that an employé who was in service at the plant of the company within the state, and on its pay rolls there, but whose employment required him to go over the state line to New Jersey for two days, did not lose the benefits of the act during the temporary absence from the state; the court considering that the absence from the state was a mere incident to the employment within the state, and that the premium of insurance was based upon the pay rolls, which included the claimant, for the entire year. In the Valentine Case, reported with the Spratt Case, the chauffeur, who was in the regular employment about the plant at Port Chester, had driven his car to Greenwich, Conn., for a load of fats, where he received the injury. In the Post Case, reported with the Spratt Case, Post was a sheet metal worker in the regular employment of the company at its plant in Brooklyn. He was sent in the course of his employment to perform some sheet metal work on an elevator in Jersey City. He had been working there one day when he received his injury.

In this case the decedent had not been employed by the appellant in the state since 1912. His employment had not been continuous, but had been from time to time for certain jobs which were being performed entirely without the state. The contract of employment did not contemplate any work by him within the state; no such work was done. The statute in question is intended to regulate the relations between the employer and employé in hazardous employments within the state, and to protect the employé within the state from the ordinary risks of the employment, and to charge those risks upon the ultimate consumer. The mere fact that an employé is engaged by a resident of the state to go out of the state for service, and no service in the state is contemplated or done, cannot bring the employment within the act. Ordinarily a statute has no extraterritorial effect. But where the regular service of the employé is being performed in the state, and, as an incident to it, he goes over the state line temporarily, we have held that such temporary absence from the state does not relieve the employer from liability under this statute. The relations between the decedent and the company with reference to the work at Ford City depended upon the laws of the state of Pennsylvania, and the protection there given to the employer and the employé. The mere fact that the contract was made in the state, if it was made in the state, is not material here, when we understand that the contract related solely to work to be performed outside of the state. It follows, therefore, that the employment of the decedent was outside of the state of New York,

and that he was not an employé or engaged in an employment within the state at the 'time of his death.

[**2, 3**] The findings are in the most general terms, and in arriving at the conclusion reached we are not hampered by the rule that the decision of the Commission shall be final as to all questions of fact, nor by the presumption that the claim comes within the terms of the statute. The employer and the insurance carrier are entitled to a hearing. The hearing is of a summary character, and the Commission is not bound by the ordinary rules of evidence and practice. Nevertheless its determination as to the facts is a quasi judicial determination, and must rest upon the facts presented to it, the undisputed facts of the case and the reasonable inferences which may be drawn from them. The Commission cannot act arbitrarily on the information it receives, or in direct violation of the conceded facts. Its duty, therefore, is to base its determination upon the undisputed facts of the case and the reasonable inferences to be drawn from the general situation. When its findings are without evidence, and in direct conflict with the undisputed facts, and all reasonable inferences which may be drawn from them, its determination may be reversed as error of law.

The Commission has found that the decedent was employed as a foreman by the Horseheads Construction Company, a corporation engaged in the business of structural iron work at Horseheads, N. Y., and that for the purposes of his work his employer had sent him from New York to the place where the accident happened. In a sense these are facts, but they are not the important facts. The findings of fact by the Commission must be read in connection with the known facts of the case. The findings omit the material facts, and do not decide the real question litigated, but evade it. They are so indefinite and vague that the undisputed facts render them valueless as the basis of an award. Accepting the meager findings of fact as true, the undisputed facts not found show that the findings are immaterial to the question at issue, and that the claimants are not entitled to an award. The award, therefore, rests upon an error of law.

In a sense the company did send the decedent from New York to the place where the accident happened, and he was a foreman; but he was employed in recent years as foreman only from time to time as to particular jobs outside of the state, and he was not a foreman in the general and regular employ of the company, and the particular job for which he was employed in this case was outside of the state of New York, and by accepting such employment and entering upon that work he put himself beyond the provisions of the act.

We conclude, therefore, that at the time of the employment, and for a long time prior thereto, the decedent was not engaged in a hazardous employment in the state of New York, but was engaged in an independent service in the state of Pennsylvania, which employment does not come within the benefit of the act.

The award should therefore be reversed upon the law and the facts, and the matter be remitted to the Commission for its further action. All concur; HOWARD, J., in result.