Hamilton, J.
This case comes into this court on petition in error to the common pleas court of Hamilton county, Ohio.
It had its origin in an application filed with the Industrial Commission of Ohio for compensation *461 under what is known as the Workmen’s Compensation Law, because of the death of one Sam Ware, defendant in error’s husband, an employe of the firm of Platt & Dickinson, who were contributors to the compensation fund.
Ware met his death in the course of his employment, July 30, 1915, in the city of Covington, Kentucky, his employers being brick-work contractors of Cincinnati, Ohio. Lena Ware, wife of the decedent Sam Ware, made claim as the wife and dependent of the said Sam Ware.
Among other facts, it appeared that the decedent Sam Ware and the wife Lena Ware had not lived together for about four and one-half years. The industrial commission denied the right of the said Lena Ware to participate in the compensation fund, and she thereupon, as such claimant, appealed to the common pleas court of Hamilton county, Ohio, where her appeal was tried to the court, a jury having been waived, resulting in a judgment in her favor.
Several questions of error are urged by plaintiffs in error as grounds for reversal, but the controlling question is, Did the common pleas court have jurisdiction to entertain the appeal and hear the cause, it being admitted that the place of the injury was in the state of Kentucky ?
Section 1465-90, General Code (103 O. L., 88), provides as follows:
“The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such board denies the right of the claimant to participate at all in s.uch fund on the ground that the injury *462 was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such board, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it. In such a proceeding, the prosecuting attorney of the county, without additional compensation, shall represent the state liability board of awards, and he shall be notified by the clerk forthwith of the filing of such appeal. * * * ” •
The only right of appeal from the decision of the industrial commission is contained in this statute, and it can be conferred only by statutory provision. The plain wording of the statute is to the effect that the appeal must be filed “in the common pleas court- of the county wherein the injury was inflicted,” and it being admitted and shown to be the fact that the injury in this case was inflicted in the state of Kentucky it becomes at once apparent that the decision of the board was final.
There being no appeal provided for such a case as the one at bar, the common pleas court erred in entertaining the appeal and rendering a judgment therein; it was without jurisdiction and its proceedings are null and void. It follows that the judgment of the common pleas court must therefore be reversed, and its judgment and proceedings held for naught.

Judgment reversed.

Jones, P. J., and Gorman, J., concur.