In the Matter of the Claim of BESSIE M. SMITH, Respondent, against HEINE SAFETY BOILER COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award cannot be given employee of foreign corporation injured in accident in another state, because contract of employment was made in this state.**

1. The Workmen's Compensation Act involves an exercise of the police power of the state, and does not attempt to regulate the duty of foreign employers in the conduct of their business within foreign jurisdictions.

2. Where an employee of a foreign corporation with its offices and factories in other states is accidentally killed while installing machinery for his employer in another state, his widow is not entitled to an award under our Compensation Act, although his contract of employment was made in this state before the offices of the employer were moved to another state, it appearing also that the contract was made before the enactment of the Workmen's Compensation Law. At the time of the accident by which claimant's intestate was killed, the employer was under no duty to insure its employees under our law, except such employees as it might send within our state. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544, distinguished.)

*Matter of Smith* v. *Heine Safety Boiler Co.*, 183 App. Div. 913, reversed.

(Argued April 26, 1918; decided May 28, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 29, 1918, affirming an award of the state industrial

commission made under the Workmen's Compensation Law.

*Frederick W. Catlin, Norman G. Hewitt* and *Robert H. Woody* for appellants. The industrial commission was without jurisdiction to make the award. (Cons. Laws, ch. 67, art. 1, § 3, par. 4.)

*Merton E. Lewis,* Attorney-General (*E. C. Aiken* of counsel), for respondent. The employee lived in this state; he was hired in the state, which original hiring seems to have been in force at the time of the accident, and although the company had moved its engineering office to Pennsylvania it still maintained a selling office in New York state. It was, therefore, subject to the laws of this state and the award was properly allowed. (*Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Klein* v. *Stoller & Cook,* 220 N. Y. 670; *Fitzpatrick* v. *Blackall & Baldwin,* 220 N. Y. 671.)

CARDOZO, J. This is a claim for death benefits under the Workmen's Compensation Law.

The employer, the Heine Safety Boiler Company, is a Missouri corporation. It has factories in Missouri and Pennsylvania. Warren H. Smith, the decedent, entered its service in 1900 under a contract of employment which was made in New York city. Mr. Smith was a traveling engineer. He was sent all over the United States, and took his orders from the employer's superintendent of construction. At first, the employer maintained engineering and construction offices in New York. In 1904, the construction office was moved to Phœnixville, Pennsylvania. After that, Mr. Smith reported there and received his orders there. Some years before the accident, the engineering office was moved to the same place. All that was left in New York was a selling agency. On December 10, 1916, Mr. Smith was sent from Penn-

sylvania to Biddeford, Maine, to install a boiler, and while working there was killed. The question is whether the New York statute applies to such a case.

No hazardous business was transacted by the employer in New York when this accident occurred in Maine. The factory, the construction department, and the engineering department were in Missouri and Pennsylvania. The argument is that liability attaches under our statute because the contract of employment was made in our state. But that is not enough. At the date of that contract (1900) there was no Workmen's Compensation Act in New York. Long before any such act became a law, the employer moved its business away. In 1916 it was subject to no duty to insure its employees under our law, except, indeed, such employees as it might send within our state. The Workmen's Compensation Act involves an exercise of the police power (*Mountain Timber Co. v. Washington*, 243 U. S. 219, 238). It does not attempt to regulate the duty of foreign employers in the conduct of their business within foreign jurisdictions.

Nothing to the contrary was held in *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544). There the hazardous business was conducted in New York. The decision was that a workman employed in that business was under the protection of the New York act though injured in New Jersey. Reading into the contract of employment the provisions of the statute, we held that a liability *quasi ex contractu* was imposed on the employer. Contractual in a strict sense, of course, the liability is not (*People ex rel. Dusenbury* v. *Speir*, 77 N. Y. 144; *Matter of Post* v. *Burger & Gohlke, supra*, at p. 549; *Ralli* v. *Troop*, 157 U. S. 386, 396; Angell, Recovery under Workmen's Compensation Law for Injury Abroad, 31 Harvard Law Review, p. 619). If the parties were to agree that it should not attach, the courts would disregard their agreement. A duty is imposed by law on employers conducting a hazard-

ous employment in New York to insure their workmen against injury, and the insurance covers injuries incidental to that employment though suffered in another state. The contract creates the relation to which the law attaches the duty, and the same law which imposes the duty defines its orbit and its measure.

A different problem is before us here. The duty to insure, when read into the contract, is as broad as the statute, but no broader. It comes into being only when the statute intends that it shall arise, and comes to a close when the statute intends that it shall end. This contract of employment, when made, was not subject to the act, because the act had not been passed. It did not become subject to the act afterwards, because the plant had then been moved, and there was no employment to be regulated. That the employment had its origin in this state is not decisive (*Matter of Gardner* v. *Horseheads Const. Co.,* 171 App. Div. 66). That casual circumstance did not subject the parties, regardless of changed conditions of performance, to the continuing burden of local legislation. The duty to insure does not outlast the existence within our borders of the business or relation which calls it into life.

The order should be reversed and the claim dismissed, with costs against the state industrial commission in the Appellate Division and in this court.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and MCLAUGHLIN, JJ., concur.

Order reversed, etc.