THE INDUSTRIAL COMMISSION OF OHIO ET AL. *v.*
WARE.

*Workmen's compensation — Injury received in another state — Employe not entitled to compensation, when — Witnesses — Impeaching one's own witness — Scope of rule.*

1. An employe who is denied an award from the workmen's compensation fund and prosecutes appeal from the decision of the industrial commission under favor of Section 1465-90, General Code, can not recover compensation in the absence of a showing that such employe was employed in Ohio or employed to work in this state.

2. Whether an injured employe can recover compensation from the industrial commission where he is employed in Ohio to do work entirely without the state, or employed outside Ohio to do work partly within and partly without the state: *Quere.*

3. A party calling a witness is not thereby precluded from proving the truth of a relevant fact by another witness whose testimony may incidentally reflect upon the person previously testifying as to such fact.

(Decided February 6, 1919.)

ERROR:   Court of Appeals for Hamilton county.

*Mr. John V. Campbell,* prosecuting attorney, and *Mr. Henry G. Hauck,* assistant prosecuting attorney, for plaintiff.

*Messrs. Fulford, Shook & Wilby,* for defendant.

SHOHL, J.   Lena Ware brought suit against The Industrial Commission of Ohio in the court of common pleas of Hamilton county, alleging that she was the widow and dependent of Sam Ware, who was killed in the course of his employment while working for Platt and Dickinson, contractors, who were members of and participants in the state insurance fund of Ohio.   Compensation had been refused by the commission.   Judgment was rendered

in her favor in the court of common pleas, and the industrial commission brought the case to this court on error. This court decided that the trial court was without jurisdiction and reversed the case on that ground. *Industrial Commission* v. *Ware,* 8 Ohio App., 460.

Lena Ware then took the case on error to the supreme court, and that court reversed the judgment of the court of appeals, and by its mandate directed this court to consider all the allegations of error. *Ware* v. *Industrial Commission,* 98 Ohio St., 458.

The case was again presented and is now submitted to this court for decision. We are guided only by the mandate of the supreme court, from which it is apparent that that tribunal regarded the provisions of Section 1465-90, General Code, requiring the action to be brought in the county in which the injury occurred, to be directory and not mandatory. Other questions were argued in the briefs, but not decided.

The most important question arose out of the overruling by the lower court of the motion filed by the industrial commission for judgment on the pleadings. The petition, which is required by statute, Section 1465-90, to be in ordinary form, after alleging the representative capacity of the members of the industrial commission, says:

"Appellant further states that she is the widow of Sam Ware, deceased, and that at the time of his death, and prior thereto, she was his wife, and as such dependent upon him for support. That on or about the 30th day of July, 1915, her said husband, Sam Ware, was employed by Messrs. Platt &

Dickinson, brickwork contractors, who were members of and participants in the State Insurance Fund of Ohio; that while working for said Platt & Dickinson, in Covington, Ky., a brick fell from the top of the structure on which he was working for the said Platt & Dickinson, causing his death, on. or about the said 30th day of July, 1915. That at the time he was killed, as aforesaid, and prior thereto, he was working as a hodcarrier and receiving wages of $3.40 per day."

Then follows a statement of the application to the commission, and the disallowance of the claim.

The foregoing extract contains all the averments in respect to the employment and the injury of Sam Ware.

It will be noted that it is not averred that the contract of employment was made in Ohio, or that the labor was to be performed in Ohio. It does appear that the injury took place in the state of Kentucky.

The bald question is presented as to whether or not the industrial commission of Ohio can be held liable for injuries to a workman neither hired in Ohio nor employed to work there, because employed by a concern that does comply with the Ohio laws. The record discloses no evidence in respect to these matters, absence of which in the pleadings has just been noted.

There are at least three different types of questions that arise in consideration of the extra-territorial operation of the Workmen's Compensation Law. An Ohio employer may hire a workman who lives in Ohio in different ways: First, a workman may be employed in Ohio to do work partly or pri-

marily in Ohio, and be injured while temporarily or casually out of the state; second, a workman may be employed in Ohio to do work entirely outside the state, and receive injuries at such place of work; third, a workman may be employed outside the state of Ohio to do work entirely beyond the limits of the state, and be injured at the place of work.

It will be seen that the foregoing examples are not intended to be exhaustive of the possible situations.

An illustration of the first type of case is *In re Spratt* v. *Sweeney & Gray Company,* 168 App. Div., 403. There an employe was required to go from New York into New Jersey for two days. His absence from New York was regarded by the court as a mere incident to the employment within the state.

The second type is illustrated by the case of *In re Gardner* v. *Horseheads Construction Co.,* 171 App. Div., 66. It was adjudicated in that case:

"Where an employe of a general contractor, with an office in this state, has not performed any services here for several years, and his contract of employment did not contemplate any work within the state, no recovery may be had under the statute for his death sustained while employed in the state of Pennsylvania. He was engaged in an independent service in a foreign state, which employment does not come within the benefit of the statute."

It is interesting to note that while the decision in the case of *In re Post* v. *Burger & Gohlke,* 216 N. Y., 544, has language which might appear to be inconsistent with the *Gardner case,* the facts in the

*Post case* are regarded by the court, at page 68 of the opinion in the *Gardner case,* as distinguishing. Further color is given to the inference that the cases are not in conflict by the decision in the case of *In re Smith* v. *Heine Safety Boiler Co.,* 224 N. Y., 9 (119 N. E. Rep., 878), wherein both the *Post case* and the *Gardner case* appear to be cited with approval.

So far as we have been able to determine, there never has been any decision stating that a case of the third type is within the provisions of the Workmen's Compensation Law.

Judge Merrell, of the superior court of Cincinnati, in the case of *Cody* v. *Greene Packet Co.,* 15 N. P., N. S., 529, states that a case of the so-called third class would not give the injured person any right to relief, he regarding it as falling within the rule of *Alexander* v. *Pennsylvania Rd. Co.,* 48 Ohio St., 623.

It becomes important to determine the nature of the right of the injured person arising under the compensation law. That question is the subject of an article by Ernest Angell in the Harvard Law Review. (31 Harvard Law Review, 619.) The author states that text-writers and courts have demonstrated that the right to claim or the duty to pay compensation does not arise out of tort. A discussion follows as to whether the duty or right is imposed by law or arises from the relation, after the relation has been created by contract. The American authorities are commented upon. The general subject is likewise discussed in the note in L. R. A. 1916A, 443, and in the decision of *Good-*

*ing* v. *Ott,* 77 W. Va., 487, 87 S. E. Rep., 862, L. R. A. 1916D, 637. . .

The authorities are not uniform and we regard it as improper to express our views now upon cases of the second type, because that question is not before us. However, we regard the decision of the supreme court in this case as necessarily implying that there may be liability in a case of the first type. If there could not have been any extra-territorial operation of the Workmen's Compensation Law, it would have been useless for the supreme court to have directed us to consider the other errors assigned.

Whether an injured workman can recover compensation from the commission when he is employed in Ohio to do work entirely without the state, or whether a workman employed outside the state to do work partly within and partly without the state has any rights, must be left for adjudication when such cases arise. It is clear that to come within the policy of the statute the claimant must be an Ohio workman. He must be either employed in Ohio or employed to work in Ohio. So far as the allegations of the petition show, neither of these elements was present in the case at bar. There is no room for a difference of opinion as to the construction of the allegations of the petition. There can be no possible inference to be drawn in favor of the plaintiff to the effect that because he was working for a contractor of Ohio he made his contract there, or that his contract called for work to be done there. Without either of these averments, it can not be said that the petition alleges that Ware was an Ohio workman. It follows, there-

fore, that the court below erred in overruling the motion for judgment.

The question of dependency of plaintiff upon Sam Ware was argued at great length. Many of the questions are foreclosed by the action of the supreme court in overruling a motion to certify the record of the case of *Musselli* v. *Industrial Commission*, 8 Ohio App., 407. If plaintiff can bring herself within the rules laid down in that case, the fact that Sam Ware had contracted a bigamous marriage would not bar her right to recovery.

The industrial commission offered evidence of Gabrial Rohn. He was asked whether he knew with whom Lena Ware was living. The question was one of a series of questions whereby the commission offered to prove that plaintiff was living with William Carroll, as man and wife. The commission had already offered Carroll as a witness. Objection was made to the questions asked Rohn in regard to the conduct of plaintiff and Carroll. The objection was on the ground that it constituted an impeachment of defendant's own witness, and was sustained by the court. The question was proper, and the mere fact that the answer might incidentally reflect upon a person who had previously been a witness did not render improper the evidence to be elicited thereby, if such evidence had a tendency to prove any fact relevant to the issue in the case. *Hurley* v. *State*, 46 Ohio St., 320, 322, and 1 Greenleaf on Evidence, Section 442, 443b.

The court awarded judgment for a lump sum. The law is that in cases arising by way of appeal from the decision of the industrial commission denying the right of the claimant to participate in

the state insurance fund, any award must provide for periodical payments and not for a lump sum. (*Roma* v. *Industrial Commission, 97.* Ohio St., 247.) Had this been the sole error, we would have directed a modification of the judgment. In view of the other errors, however, the judgment will be reversed.

*Judgment reversed.*

JONES, P. J., and HAMILTON, J., concur.