STATE INDUSTRIAL COMMISSION OF THE STATE OF NEW YORK, Plaintiff, *v.* OTTO BARENE, OTIS BARENE and CARRIE BARENE, Doing Business under the Firm Name and Style of OTTO BARENE & SON, Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, June, 1919.)

Jurisdiction — state industrial commission — contracts — awards.

> A resident of this state was injured while engaged at work as a structural carpenter in the state of Connecticut under a New York contract with defendants. Defendants carried workmen's compensation for their employees in the state of Connecticut with a corporation from which the injured employee received a certain sum in settlement of an award of compensation made under the rules of Connecticut. *Held,* that the industrial commission of the state of New York had jurisdiction to make an award even though the work contemplated to be done under the contract was outside of the state.

ACTION to recover the amount of an award made by the state industrial commission.

Bernard L. Shientag (Edward Quigley, of counsel), for plaintiff.

Charles W. Walter, for defendants.

LAUER, J. This is an action brought to recover the amount of an award made by the state industrial commission of the state of New York. The following facts appear without dispute: One Carsten Anderson was hired by a foreman of the defendants in the borough of Brooklyn, state of New York, to perform certain work which was being done by the defendants at Stamford, Conn. At the hearing held before the state

industrial commission upon the claim filed by Anderson it appeared that at the time of the hiring the defendants, the employers, were not performing any work within the state of New York considered hazardous by the Workmen's Compensation Law. It was conceded that the defendants carried workmen's compensation insurance for their employees in the state of Connecticut with the Employers' Liability Assurance Corporation, and further that Anderson received $210 from the Employers' Liability Assurance Corporation in settlement of an award of compensation made under the rules of the state of Connecticut, and that that amount was credited to the defendants and deducted from the amount of the several awards made by the state industrial commission of the state of New York, the total amount of the several awards being $610. The defendants contend that the state industrial commission of the state of New York had no jurisdiction to make an award inasmuch as the only work which the employee Anderson was engaged to perform was that of structural carpenter at Stamford, Conn., at which job he was injured, and that the defendants were not at any time during the period of claimant's employment engaged in any hazardous business within the state of New York.

The defendants rely upon the authority of the case of *Matter of Smith* v. *Heine Boiler Co.,* 224 N. Y. 9. It is true that in that case the court indulges in language which would seem to uphold the contention of the defendants, but that language seems to me to be merely *obiter,* and the facts of that case are different from those of the case now under consideration. In that case, at the date of the contract of employment (1900), there was no Workmen's Compensation Act in New York state. In 1916, when the accident happened to the employee in that case, the employer was subject to

no duty to insure its employees under the law of the state of New York except as to such employees as it might send within the state of New York.  It was held that the New York law does not attempt to regulate the duty of foreign employers in the conduct of their business within foreign jurisdictions.

In the case of *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544, 554, it was held that it was the intention of the legislature to require that in every contract of employment in the cases provided by the act there should be included and read into the contract the provisions of the act and that such provisions should be applicable in every case of injury wherever the employee is engaged in the employment and that the parties are bound thereby without reference to the place where the injury occurs.  The court points out that by virtue of section 21 of the Workmen's Compensation Law it is provided that in the absence of substantial evidence to the contrary it must be presumed that the claim comes within the provisions of the act.  The court further points out in the course of its opinion that the Workmen's Act was passed pursuant to a widespread belief in its value as a means of protecting workingmen and their dependents from want in case of injury when engaged in certain specified hazardous employment.  The court says: " The danger of injured workingmen and their dependents becoming objects of charity is just as great when an accident occurs outside the boundaries of the state as it is when it occurs within the state.  The interests of the state in its citizens is just as great in one case as in the other.  *  *  *  The act, in view of its humane purpose, should be construed to intend that in every case of employment there is a constructive contract between the employer and the employee, general in its terms and unlimited as to territory, that the employer

shall pay as provided by the act for a disability or the death of the employee as therein stated.''

In view of the fact therefore that a resident of the state of New York was employed by virtue of a contract made in the state of New York it seems to me that it must be held that the state industrial commission of the state of New York had jurisdiction to make the award even though the work contemplated to be done by the employee was outside of the state.

In the case of *Matter of Smith* v. *Heine Boiler Co., supra,* on which the defendant relies, is contained the statement that it is not decisive that the employment had its origin in this state, citing in support of that contention the case of *Matter of Gardner* v. *Horseheads Construction Co.,* 171 App. Div. 66. The doctrine of law promulgated by that decision, which was handed down January 5, 1916, would seem to have been repudiated by the Court of Appeals in the case of *Matter of Post* v. *Burger & Gohlke, supra,* which was handed down January 11, 1916. In the case *Matter of Gardner* v. *Horseheads Construction Co.,* 171 App. Div. 66, the Appellate Division for the third department returned the case for correction of the findings to the state industrial commission. The commission made a new award which was made the basis of a new appeal and the same Appellate Division affirmed the award without opinion (181 App. Div. 915), reversing its earlier decision in the same case.

Judgment is accordingly given for the plaintiff in the sum of $400.

Judgment for plaintiff.