Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHRIST THOMPSON, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE FOUNDATION COMPANY, Employer, and EMPLOYERS' MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, June 30, 1919.

Workmen's Compensation Law — evidence establishing contract of employment in foreign State — filing claim and receipt of compensation under statute of foreign State.

Where a carpenter while in this State received a letter from a boss carpenter engaged in work for a New York corporation on a building in the State of Pennsylvania, telling him there was a job there for him and asking him to come with more men, but said offer contained no promise concerning compensation, hours of labor or character of work, and said carpenter went to the designated place in Pennsylvania and there entered into a written contract of employment, and after sustaining an accidental injury filed a claim and received compensation for nearly a year under the Workmen's Compensation Law of said State, it must be *held* that

the contract was made in the State of Pennsylvania, and, hence, a claim for an award under the Workmen's Compensation Law of this State should be dismissed.

APPEAL by the defendants, The Foundation Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 19th day of November, 1918, awarding compensation for injuries sustained in the State of Pennsylvania.

*Blauvelt & Warren* [*Frederick W. Catlin* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The employer was a New York corporation having its principal office in the city of New York. It was engaged in construction work in the State of New York and in the State of Pennsylvania. The claimant was employed as a carpenter in a building which the employer was constructing at Jefferson, Penn. While thus at work in Jefferson, Penn., he sustained an accidental injury. He thereafter entered into an agreement with his employer for the payment of compensation under the Workmen's Compensation Law of the State of Pennsylvania. The agreement having been confirmed by the Workmen's Compensation Board of that State, he subsequently received substantial weekly compensation thereunder for nearly one year. He then filed a claim for compensation under the Workmen's Compensation Law of the State of New York, and obtained the award from which this appeal is taken. The award was granted solely on the theory that the contract of employment was entered into in the State of New York, whereas the undisputed facts clearly established that the contract was made in the State of Pennsylvania. The claimant, while in New York, had received a letter from a boss carpenter, engaged in work for the employer on the building in question at Jefferson, Penn., telling him that there was a job there for him, and asking him to come over with a few more men. The claimant did not respond to this letter, but, shortly after receiving it, journeyed to

Jefferson, Penn., there entered into a written contract of employment, and, having begun work in that place for his employer, received the injuries in question. The letter which he received in New York was an incomplete and indefinite offer, the acceptance of which in New York would not have created a contract, for the offer contained no terms concerning compensation, hours of labor, character of work, or any other thing by which the employer would be definitely bound if there were an acceptance. Moreover, there was no overt act on the part of the claimant, unequivocally indicating an acceptance of any offer, through which claimant would be bound were the offer sufficient. He started on a journey for Jefferson, Penn., on receipt of the letter, but this may or may not have been for the purpose of accepting the indefinite offer made him. It is clear that the contract was made in Jefferson, Penn., where a written agreement was entered into between the claimant and his employer.

The award should be reversed and the claim dismissed.

All concurred, JOHN M. KELLOGG, P. J., in a memorandum.

JOHN M. KELLOGG, P. J. (concurring in result):

The defendant employer requested the plaintiff to go from Brooklyn to Jefferson, Penn., and work for it on a particular job, at a fixed wage, with transportation added, the usual terms of employment prevailing on the job. Plaintiff complied with the request and went to work upon the job pursuant to it. When he arrived at Jefferson, if the company had repudiated the contract, he undoubtedly could have recovered for his transportation and such damages as he had fairly sustained.

The contract of employment did not contemplate any service in New York and the plaintiff was not an employee of the company for any service in this State. This case is more favorable to the appellant than *Matter of Gardner* v. *Horseheads Construction Co.* (171 App. Div. 66). But that case has been somewhat damaged and left in an uncertain position by *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544); *Matter of Klein* v. *Stoller & Cook Co.* (220 id. 670), and *Matter of Fitzpatrick* v. *Blackall & Baldwin Co.* (Id. 671). These later cases

have caused us at times to ignore the *Horseheads* case, but there seems to be some life remaining in it. (*Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9.) This latter case gives me courage to again assert the doctrine of the *Horseheads* case and to maintain that the employment in this case is not within the New York Workmen's Compensation Law. If I am wrong in this position, the question is so much involved in doubt that the election by the claimant to take compensation under the Pennsylvania law, and his receiving such compensation for about a year, is binding upon him and, under the circumstances of this case, stands in the way of compensation here.

Award reversed and claim dismissed.