Pendleton, J.
The action is by an administrator to recover damages for death caused by negligence of an employee of defendant railroad company. Motions to dismiss at the end of plaintiff’s case and on all the evidence and after verdict to set the verdict aside were made and decision reserved.. The death occurred and all the services were rendered in New Jersey. Defendant contends that under either the New York Workman’s Compensation Law or the New Jersey Workman’s Compensation Law the remedy is exclusive and that therefore plaintiff cannot maintain this action. *431 Where all the service is rendered in another state and no service is contemplated here the New York Workman’s Compensation Act does not apply. Gardener v. Horseheads Construction Co., 171 App. Div. 66; approved, Matter of Smith v. Heine Boiler Co., 224 N. Y. 9. In cases such as this to recover for the benefit of the next of kin damages for death caused by negligence in another state the action is based on the right given by the statutes of the place of the death, in this case New Jersey. Loucks v. Standard Oil Co., 224 N. Y. 99. The New Jersey statute, like the New York statute, in that respect, gives a right of action for the benefit of the next of kin where the employee, if injured only, would have been entitled to maintain an action for damages. The New Jersey Workman’s Compensation Act is applicable and exclusive where the parties have by agreement, express or implied, accepted its terms, and expressly provides that every contract of hiring shall be presumed to have been made with reference to its terms unless there be an express statement in writing as part of the contract or by written notice to the contrary. The contract of employment was made and performed in New Jersey, and there being no written disclaimer under the law of New Jersey, the contract was within the Workman’s Compensation Act of that state, and the remedy thereunder is exclusive. The deceased would have had therefore no cause of action at law in New Jersey for damages if injured only, and the next of kin have their remedy under the New Jersey Workman’s Compensation Act, which is exclusive. On both grounds this action cannot be maintained. Gregutis v. Waclark Wire Works, 92 Atl. Repr. 354. Verdict set aside and complaint dismissed.
Judgment accordingly.