In the Matter of the Claim of Louis N. Seely, Respondent, against Phœnix Transit Company and Another, Appellants. State Industrial Board, Respondent.

Third Department, May 11, 1934.

*Frank L. Ward*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *John R. O'Hanlon, Assistant Attorneys-General*, of counsel], for the respondent State Industrial Board.

*Joseph P. Nolan*, for the claimant, respondent.

RHODES, J. On January 21, 1923, the date of the accident, claimant, a resident of the State of New York, was employed as a pilot and master of the tugboat *Charles P. Stafford*, owned by the employer herein. Said employer is a New Jersey corporation authorized to do business in the State of New York and whose office and principal place of business is at 30 Church street, New York city. Claimant was hired at the New York office. At times he went there for his pay and at times went to the office of the employer in New Jersey therefor. His duties consisted in the towing of barges around New York harbor and the Hudson river. He operated his craft from pier 8 in Jersey City as a base from which he usually received his orders and there turned in his daily reports, going out at times with barges from New Jersey to New York and *vice versa.* Almost daily, and wherever the boat lay, he would go ashore and telephone for instructions or search for supplies. His instructions were sometimes received from the office in New York and sometimes from New Jersey.

On the day in question claimant had been towing freight barges belonging to the Erie railroad from New Jersey to New York, and his last work consisted in towing an empty barge from New York back to New Jersey. He was then free for the day except for going to the office on pier 8 and delivering his daily report. He stepped from the boat to said pier, the end of which was icy and had been damaged so that there was no way of walking to the entrance thereof except on a small plank about eight inches wide and fifteen feet long. The plank not being spiked to the dock, slipped, while claimant was upon it and he fell through the hole in the dock sustaining serious injuries.

Appellants object to the award for such injuries, claiming lack of jurisdiction on the ground that the employment was maritime in character and that the only jurisdiction was in admiralty.

" The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land." (*Industrial Commission* v. *Nordenholt Corp.*, 259 U. S. 263.)

In referring to the foregoing case the court, in *Washington* v. *Dawson & Co.* (264 U. S. 219), stated that it " related to a claim based upon death which resulted from injuries received by the longshoreman while on the dock — a matter never within the admiralty jurisdiction."

In cases of maritime torts the wrong must have been committed wholly on navigable waters, or at least the substance and consummation of the same must have taken place upon those waters

to be within the admiralty jurisdiction. (*The Plymouth*, 3 Wall. 20.) (See, also, *Cleveland Terminal & Valley R. R. Co.* v. *Cleveland Steamship Co.*, 208 U. S. 316; *London Guarantee & Accident Co.* v. *Industrial Commission*, 279 id. 109; *Vancouver S. S. Co.* v. *Rice*, 288 id. 445; *Atlantic Transport Co.* v. *Imbrovek*, 234 id. 52; *Peters* v. *Veasey*, 251 id. 121; *Nogueira* v. *N. Y., N. H. & H. R. R. Co.*, 281 id. 128; *Southern Pacific Co.* v. *Jensen*, 244 id. 205; *Crowell* v. *Benson*, 285 id. 22; *Knickerbocker Ice Co.* v. *Stewart*, 253 id. 149; *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 id. 469; *The Troy*, 208 id. 321.)

In the present case the accident occurred on land. Therefore, it was not maritime in character and not within the jurisdiction of admiralty. (*Cleveland Terminal & Valley R. R. Co.* v. *Cleveland Steamship Co., supra; The Troy, supra.*)

Appellants further assert that the Industrial Board had no extraterritorial jurisdiction in this case.

As already stated, claimant was a resident of the State of New York, was hired in the State of New York and his employment was not within a fixed place outside of the State. The facts, therefore, are different from those in *Smith* v. *Heine Boiler Co.* (224 N. Y. 9); *Cameron* v. *Ellis Construction Co.* (252 id. 394); *Copeland* v. *Foundation Co.* (256 id. 568); *Amaxis* v. *Vassilaros, Inc.* (258 id. 544); *Zeltoski* v. *Osborne Drilling Corp.* (264 id. ——). It is true the fact that the employment had its origin in this State is not decisive. (*Matter of Smith* v. *Heine Boiler Co., supra; Amaxis* v. *Vassilaros, Inc., supra.*) The circumstance, however, has an important bearing on that question.

The finding of the Board that the employer's principal office and place of business was located within the State is not questioned. While claimant's principal duties related to navigation and were maritime in character, his employment did require his presence on land both in New Jersey and in New York as an incident of the business of the employer which was conducted from New York.

In principle it is difficult to distinguish this case from *Matter of Tallman* v. *Colonial Air Transport, Inc.* (259 N. Y. 512). There, an airplane pilot was killed while piloting for his employer, a Connecticut corporation, an airplane from Boston, Mass., to Newark, N. J. He was serving under a contract entered into with his employer at its main office in New York city. In that case the Industrial Board found that the employment was not at a fixed place outside the State of New York. While there is no such finding in the record before us, the evidence clearly established that the employment was not at a fixed place without the State and the Board has found that claimant's employment was consummated and located within the State and that the work which

he was called upon to perform outside the State was of a transitory nature and part of his work within the State.

In *Hospers* v. *Hungerford Smith Co.* (230 N. Y. 616) the employee resided at Sheldon, Iowa, and was employed as a traveling salesman for the employer which had its plant and principal place of business at Rochester, N. Y., where the employee was hired. He was engaged to cover Iowa and neighboring territory. For several days immediately following his employment he stayed at Rochester familiarizing himself with his expected duties. After this period of instruction he never resided or worked in New York. In the course of his employment he was killed in an automobile accident in Missouri. An award of the Industrial Commission was affirmed.

In *Hughes* v. *Waterson, Berlin & Snyder Co.* (254 N. Y. 607) claimant, an employee of a New York firm, was sent through the country to demonstrate songs and sing in broadcasting stations and was injured in the course of his duties at Kansas City, Mo. An award in his favor was sustained. (See, also, *Matter of Post v. Burger & Gohlke*, 216 N. Y. 544; *Bradford Electric Co.* v. *Clapper*, 286 U. S. 145, where it appeared that an employee of a Vermont corporation was killed in New Hampshire.) In an action brought in New Hampshire the employer set up as a bar the provisions of the Vermont Compensation Act and it was held that said act controlled upon the theory that the employee and company were at all times residents of Vermont and the principal place of business was located there, the contract of employment was made there and the employee's duties required him to go to New Hampshire only for temporary and specific purposes given him at the Vermont office.

The rule established by the decisions cited indicates that the injuries were sustained by the claimant during the performance of duties which were an incident of his employment within the State of New York.

Appellants suggest that claimant's duties ashore were the merest incident of his work upon navigable waters. The fact that a portion of claimant's duties were maritime in nature, over which the State has no jurisdiction, is not determinative. The situation is analogous to that of an employee of a railroad a part of whose duties are connected with interstate commerce and part of which concern intrastate commerce. All are familiar with the rule that an employee injured in intrastate commerce in connection with employment in this State or incidental to such work in this State is entitled to compensation even though at other times his duties may be connected with interstate commerce over which the State has no jurisdiction.

Finally the appellants urge that the claim is barred for the reason

that claimant failed to file a claim for compensation within one year from the date of the accident.

It is undisputed that no such claim was filed, but the Industrial Board has found that notwithstanding such failure so to do advance payments of compensation were made to the claimant by the insurance carrier and, therefore, the claim is not barred. Advance payments were made to the claimant from time to time aggregating $3,492, the first payment being about three months after the accident. These payments were at the rate of twelve dollars per week, the maximum rate of compensation under the provisions of the compensation statute of the State of New Jersey. Appellants claim that while the payments were in accordance with the plan laid down by the New Jersey act, they were not made as advance payments under any compensation law because the appellants do not concede jurisdiction either under the New Jersey act or the law of New York. In each case where a payment was made, the carrier obtained a release from claimant. The last release, dated July 19, 1928, recites a consideration of $3,492. It makes no mention of any compensation law or any liability thereunder.

At the time of the accident section 28 of the Workmen's Compensation Law provided, and now provides, that no claim shall be barred by the failure to file a claim in case an advance payment is made to an employee by the employer. The reason seems clear. The statute requires notice in order that the employer and carrier may know that liability is claimed. When advance payments are made there is no necessity for a notice to them that a claim will be made for such payment is an admission of knowledge of the existence of such claim. The section referred to does not, in express terms, state that advance payments are deemed to be made under and pursuant to the provisions of the Workmen's Compensation Law, but where such law applies, any advance payments must necessarily be regarded as payments of the nature contemplated by the law and made thereunder; this, for the reason that where the law is applicable it affords the only remedy and the employer and carrier may not avoid or discharge their obligations under the law except by a compliance with its terms, and no agreement by an employee to waive his right to compensation under the law is valid. (Workmen's Comp. Law, § 32.) The claim, therefore, was not barred by failure to file notice thereof.

The award should, therefore, be affirmed, with costs to the State Industrial Board.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the State Industrial Board.