## HALL v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15287. Decided Feb 10, 1936

P. E. Stearns, Cleveland, for plaintiff in error.
John W. Bricker, Columbus, Don W. Hornbeck, Cleveland, and W. H. Price, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The parties occupy the same relation as in the Court of Common Pleas. The case was submitted to the court, a jury having been waved, upon an agreed statement of facts. The court rendered judgment in favor of the defendant, The Industrial Commission of Ohio. Error proceedings are instituted seeking a reversal of said judgment.

It appears from the agreed statement of facts that the plaintiff, Woodford Hall, received an injury in the course of his employment with Great Eastern Stages, Inc., of Cleveland, Ohio, on August 22, 1932. The operations of Great Eastern Stages, Inc., consist of the interstate transportation of passengers through various states. The injury occurred outside of the State of Ohio and within the boundaries of the State of Michigan, approximately eighteen miles from the city of Detroit. The particular bus upon which Woodford Hall was employed as a porter was, at the time of the injury, engaged wholly in interstate commerce between the cities of Cleveland, Ohio, and Detroit, Michigan. Prior to the injury, Great Eastern Stages, Inc., paid certain sums of money as premiums to the state insurance fund for insurance coverage on the drivers, operators and porters of its interstate busses. The premiums paid by Great Eastern Stages, Inc., and accepted by the Industrial Commission of Ohio were computed on the basis of a salary of $120.00 per month for each employee engaged as a porter on said busses. The premiums were computed by pro-rating for premium purposes in Ohio the salary of $120.00 per month on the basis of a ratio which the number of miles of the run traveled in Ohio bore to the entire number of miles of each run between the two cities. The trip between Cleveland, Ohio, and Detroit, Michigan being 180 miles, 120 miles or two-thirds of which lie in Ohio, premiums were paid into the state insurance fund on the basis of two-thirds of the salary of $120.00; $80.00 per month being reported by said company in Ohio. The contract of employment entered into between Woodford Hall and Great Eastern Stages, Inc., was entered into in the City of Cleveland, Ohio. The established residence of Woodford Hall at the time of the accident was in the City of Cleveland. This recital of facts presents the substance of the agreed statement of facts submitted to the trial court and upon which it based its judgment.

If Woodford Hall had sustained his in-

jury while acting as porter while the bus was on territory in the State of Ohio, there would be no question that he would be entitled to receive the benefit of the Workmen's Compensation Law. The single fact that the injury occurred while the bus was in the State of Michigan is the central point around which the various contentions of counsel revolve. Much of the law cited by both sides shows almost a complete agreement on the question of the applicability of the Ohio Workmen's Compensation Law to persons engaged in interstate commerce. The following citation is found in the brief of both counsel, from 28 R.C.L. 726:

"No state may impose a direct burden on interstate commerce; but within certain limitations there remains to the states until Congress acts a wide range of the power appropriate to territorial jurisdiction although interstate commerce may be affected, granting that a state compensation act in its application to employers who are engaged in interstate commerce does, in fact, touch and effect such commerce, every reason would seem to be in favor of sustaining its validity and efficacy; provided only that no federal enactment shall have already occupied the same field of legislation. Accordingly, an employment in interstate carriage by motor vehicle might properly be held to be within the scope and operation of a state statute."

While conceding the power of the State of Ohio to legislate on the subject of compensation in its application to employers and employees who are engaged in interstate commerce, as long as Congress did not occupy the same field of legislation, it is nevertheless contended that such state legislation must be limited to its own territorial jurisdiction and not outside of it. It is urged that otherwise the state would be imposing a burden upon interstate commerce. A reading of the various sections of the General Code pertaining to Workmen's Compensation leads us to the conclusion that it was the intention of the legislature to extend the benefits of the Workmen's Compensation Act to employees and employers engaged in interstate commerce regardless of where the injury occurs.

Sec 1465-61 GC defines the term "employee." §1465-68 GC reads in part as follows:

"Every employee mentioned in §1465-61 GC who is injured and the dependents of such as are killed in the course of employment, wheresoever such injury shall occur, shall be paid such compensation."

The intention of the legislature to give the act extraterritorial effect is plainly evidenced in §1465-90 GC as follows:

"If the Commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the Commission may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the State of Ohio."

Note the concluding language of the section:

"Or in the Common Pleas Court of the county wherein the contract of employment was made, in cases where the injury occurred outside of the State of Ohio."

The language is general and all-embrasing. In **Industrial Commission v Gardino**, 119 Oh St 539, some pertinent language relative to our discussion is found in page 542:

"The legislative intent is quite manifest that the provisions of the act shall apply to all those employed within the state, and also where, as incident to their employment, and in the discharge of the duties thereof, they are sent beyond the borders of the state. Undoubtedly an injury received by an employee of an Ohio employer is compensable under the workmen's compensation law, though the injury was actually received in another state, if the service rendered by him in such other state was connected with, or part of the duties and service contemplated to be performed in Ohio."

Counsel for the Industrial Commission of Ohio lays stress upon the phrase found in the above quotation, "as incident to their employment" and urges that in the case at bar employment outside of the State of Ohio is not a mere incident but is a part of the regular routine and again reiterates its position that it is not within the power of the State of Ohio to impose a burden upon interstate commerce.

It must be borne in mind that the Workmen's Compensation Act was intended to

relieve employers from annoying lawsuits and to afford protection to workmen and their dependents against hazards arising from their employment. It is a protective measure intended to safeguard the welfare of the citizens of the State. If this plaintiff had received an injury while in the State of Michigan, traceable directly to the negligence of his employer, Great Eastern Stages, Inc., he would in accordance with our interpretation of the law, be relegated to the compensation provided in the Ohio Act and no suit could be entered against the employer. Far from being a burden upon the business in which the employer is engaged it is a marked benefit as it relieves the employer from the uncertainty and hazard of contentious litigation. We are of the opinion that the State of Ohio may legislate on the subject of Workmen's Compensation as long as the employer and employee are citizens or residents of the State of Ohio, and that its terms apply regardless of where the injury occurred. The benefits and obligations of the Workmen's Compensation Act operate upon the persons of the employer and employee as long as the contract of employment was entered into in the State of Ohio and as long as both the employer and employee are residents or citizens of the State of Ohio.

Some allusion has been made in the course of argument, to the fact that in fixing the premium which the employer, Great Eastern Stages, Inc., was required to pay, the Industrial Commission figured it on a mileage basis That it took into consideration that the route between Cleveland, Ohio, and Detroit, Michigan, of 180 miles, consists of 120 miles within the State of Ohio and sixty miles outside of it, and that the employer was required to report only $80.00 of the $120.00 which the porter was in fact earning each month.

We are of the opinion that whatever the Commission did relative thereto, does not in any way concern or affect the rights of the employee.

The Workmen's Compensation Act provides that:

"Every person, firm or corporation, which engages three or more persons as employees must pay premiums to be fixed by the Commission into the State Insurance Fund for the protection of employees injured in the course of their employment. Every person so engaged is entitled to compensation from the State Insurance Fund regardless of whether the employer had in fact paid the premium or not."

In the case of Seeley v Phoenix Transit Co., 272 N. Y. Supp. 127, the court held:

"In principle it is difficult to distinguish this case from Matter of Tallman v Colonial Air Transport, Inc., 259 N. Y. 512, 182 NE 159. There an airplane pilot was killed while piloting for his employer, a Connecticut corporation, an airplane from Boston, Mass., to Newark, New Jersey. He was serving under a contract entered into with his employer at its main office in New York City. In that case the Industrial Board found that the employment was not at a fixed place outside the State of New York. While there is no finding in the record before us, the evidence clearly established that the employment was not at a fixed place without the State, and the board has found that claimant's employment was consummated and located within the State and that the work which he was called upon to perform outside the State was of a transitory nature and part of his work within the State."

We conclude therefore that the judgment of the Common Pleas Court is erroneous. As there is no dispute on the facts and the only difference of opinion relates to a legal principle, having enunciated the law as we did, the judgment of the Common Pleas Court is hereby reversed and final judgment is entered for plaintiff in error and the case remanded to the Common Pleas Court for the carrying out of this judgment.

TERRELL, J, concur.
LIEGHLEY, PJ, dissents.