LA CROSSE DREDGING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 13—December 8, 1936.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan* and *Mr. James J. Gleason* of Alma.

FAIRCHILD, J. The power of the Industrial Commission to award compensation is questioned, and appellants' reasons for so doing are, among others, that the work was not local in character and that the employment was maritime in nature and therefore under the admiralty jurisdiction of the United States. A number of propositions based upon the facts of this case might be advanced, any one of which could effectively overcome appellants' objections. A controlling one is that the work was local. Falkenberg was engaged in a dredging operation to make a new way through land. This

type of work "as well as that done merely to improve the shore" has been understood as "not to be so related to navigation as to bring employees while engaged in it under admiralty jurisdiction." See *Kibadeaux v. Standard Dredging Co.* (C. C. A.) 81 Fed. (2d) 670, 672, 673, and cases cited.

The work being prosecuted at the time of the death of Falkenberg was the dredging of sand from a bank through which the contractor was cutting to get to water where the dredge could be floated. The dredge at this time was upwards of two hundred feet from the traveled channel of the river. The Workmen's Compensation Acts are not stripped of all possibility of operation because of the presence of an employment on or near water. At the October, 1936 term, the supreme court of the United States decided the case of *P. J. Carlin Construction Co. v. Heaney,* 57 Sup. Ct. 75, 81 L. Ed. —, and there upheld an award of the industrial board of the state of New York in a matter where the same issue relied on by appellants here was raised. In that case the jurisdiction of the board was challenged upon the ground that as the accident occurred in navigable waters, the rights and obligations of the parties were fixed by maritime law. The court held that even though the injury was sustained in navigable waters, the contract was local in nature and therefore included an assumption of liability by the employer under the operation of the local statute.

The contract under which Falkenberg's work was being done was entered into by the appellant Dredging Company and the United States. It provided that the work should be "the improvement of the discharge area and the construction of the earth dike embankment at Lock and Dam No. 5." It further provided:

"The contractor will furnish compensation insurance for employees on this work and comply with the Workmen's Compensation Laws of the state, territory or district in which

the work is to be performed and will give proof of such adequate insurance satisfactory to the contracting officer."

The rule that accidents occurring on land or under circumstances making the employment of a nature other than maritime are subject to local law has often been recognized by the courts of this country. *State Industrial Commission of New York v. Nordenholt Corp.* 259 U. S. 263, 42 Sup. Ct. 473, 66 L. Ed. 933; *Cleveland Terminal & V. R. Co. v. Cleveland Steamship Co.* 208 U. S. 316, 28 Sup. Ct. 414, 52 L. Ed. 508; *Swayne & Hoyt v. Barsch* (C. C. A.), 226 Fed. 581. Here the liability is that of an employer whose engagement at the time the injury occurred was no further than to do work which would affect navigation only incidentally. Docks are considered part of the land, and the pontoon bridge and dredge in this case but served the purpose of extending the shore to the point where the work was carried on. Falkenberg was on this bridge which pertained to land at the time of the mishap which resulted in his death. See *Seely v. Phœnix Transit Co.* 241 App. Div. 183, 272 N. Y. Supp. 127, where many cases are cited.

The evidence supports the judgment entered below.

*By the Court.*—Judgment affirmed.