In the Matter of the Claim of JOHN C. LEE, Respondent, against OSWEGO FALLS CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was employed in New York State by a New York corporation owning plants in three different States. He had previously worked in New York State and was transferred to a territory in western States, and had begun his employment there. He returned to New York for the purpose of securing his personal effects and an automobile which he used in his work with the permission and upon the payment of the employer. While in New York State he was sent to New York city for the performance of some duty. On his way from Syracuse, where his home was located, with his automobile, he met with an accident in Batavia and was injured. The case comes within the Workmen's Compensation Law of New York. Award unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of SEYMOUR P. GOULD, Appellant, against CHAMPENEY & TURK, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— On January 30, 1926, claimant received an injury in the course of and arising out of his employment, which caused one hundred per cent loss of use of the left eye. Notice of the injury and loss was given at once to both the employer and the carrier and a C-2 was prepared by the employer on February 2, 1926, but not filed with the Bureau of Workmen's Compensation until February 6, 1936. Claimant received medical and hospital treatment, for which payment was made by the insurance carrier; he was also disabled and prevented from working for six weeks, during which time his full wages were paid, and claimant thereafter was employed by the employer until 1936, receiving full wages. The payment of medical, surgical and hospital treatment by the carrier, and the payment of wages by the employer, amounts to advance payments of compensation under section 28 of the Workmen's Compensation Law, and excused claimant's failure to file a claim. (Matter of Seely v. Phœnix Transit Co., 241 App. Div. 183; Matter of Schwartz v. Jacobs Bros. Co., 271 N. Y. 641.) The employer was not at liberty to enter into an arrangement with the employee whereby the employer was released from its obligation under the Workmen's Compensation Law. Decision reversed, and matter remitted, with costs to the claimant against the State Industrial Board, Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents and votes to affirm the decision on the ground that claimant testified that he was told that he was not covered by compensation and that he would be paid his wages while working instead of compensation, which made a question of fact which the Industrial Board has passed upon and with which this court has no jurisdiction to interfere.