MICHAEL J. CALLANAN and CHARLES H. PRESCOTT, Claimants, *v.* THE STATE OF NEW YORK.

### Claim No. 15656.

(State of New York, Court of Claims, November, 1920.)

Claims — expenditure for compensation insurance after enactment of Workmen's Compensation Law — jurisdiction under Laws of 1918, chap. 607 — dismissal of claim.

By reason of the Workmen's Compensation Law (Laws of 1913, chap. 816, reenacted by chapter 417 of the Laws of 1914) claimants, the assignees of a contract with the state for the construction of a section of a state highway, expended money for compensation insurance for the mutual benefit of themselves and their laborers during the performance of the contract, which expenditure, before said statute, they were under no obligation to make. *Held,* that while it was the duty of the court under the statute (Laws of 1918, chap. 607) to hear the evidence and determine whether there was a moral obligation in claimants' favor against the state for such expenditure, the facts shown established no such obligation and the claim must be dismissed upon the merits.

CLAIM for money expended for insurance premiums under the Workmen's Compensation Law.

Ainsworth, Carlisle & Sullivan, for claimants.

Henry C. Henderson, deputy attorney-general, for state of New York.

SMITH, J. This claim has been filed pursuant to the provisions of chapter 607, Laws of 1918.

This act is entitled "An Act authorizing the court of claims to hear certain claims." It consists of but two sections, the second of which provides that the act shall take effect immediately and the first section reads as follows:

" SECTION 1. Notwithstanding any provisions of section two hundred and sixty-four of the code of civil procedure to the contrary, the court of claims is hereby authorized to hear, audit and determine any and all claims arising in or during the performance of any public contract or contracts for the construction of a public work or works to which the state or any department or duly authorized commission thereof is a party, by reason of the fact that during the performance thereof statutory provisions were enacted subsequent to the signing of such contract or contracts and the claimant was thereby damaged to an extent not reasonably to be anticipated when such contract or contracts were made. No such claim shall be heard, audited or determined unless it shall have been filed with the court of claims within six months after the date on which this act shall take effect."

Claimants were contractors and, as assignees of a contract entered into in September, 1913, between their assignor and the state of New York acting through its highway department, constructed a state highway or section thereof in the county of Washington known as Granville village highway No. 5405. The assignment of this contract to claimants was accomplished on the 5th day of October, 1913. The work provided for by said contract was performed by claimants and accepted by the state on or about October 29, 1914.

During the period of the performance of said contract, and on December 16, 1913, the Workmen's Com-

pensation Law was enacted by the legislature (Laws of 1913, chap. 816), which statute was re-enacted on March 16, 1914, being chapter 417 of the Laws of 1914, by its terms taking effect on July 1, 1914.

The provisions of this statute applied to these claimants in the work of performing this contract and because of its provisions, on January 19, 1915, claimants expended ninety-six dollars and forty-four cents, being the premium on compensation insurance procured by claimants for the period from June 30, 1914, to October 24, 1914, which amount claimants seek to recover from the state, claiming that they were compelled to pay the same by reason of the enactment of the Workmen's Compensation Law, but for which it would not have been compelled to incur this expense. The learned attorney-general contends that claimants cannot recover for three reasons: (1) That before the enactment of chapter 607, Laws of 1918, no valid claim against the state of New York would arise out of such a state of facts as claimants have alleged and proved; (2) That chapter 607, Laws of 1918, conferred no new right upon claimants except the right to present their claim to the Court of Claims and created no new obligation against the state; and (3) That if the act of 1918 should be construed as giving rise to a valid claim against the state upon the facts alleged and proved, the act is in contravention of section 9 of article 8 of the State Constitution because it is contended the allowance of such a claim upon such a state of facts would amount to the giving of the money of the state to and in aid of the claimants.

As to the first objection, it may be said that claimants do not urge that they would be entitled to recover herein without the benefit of the provisions of chapter 607, Laws of 1918, but urge that the effect of that statute was to give validity to the claim and to require

this court to allow it and by its judgment to establish it. I think the act of 1918 goes farther than is contended for by the learned attorney-general, but yet not so far as contended for by claimants. The meaning of the statute, as I read it, is to authorize the court to hear, audit and determine claims such as this, to waive legal defenses and technical formalities as to filing, and to authorize the court to render judgment in accordance with principles of equity and natural justice. Such was held to be the meaning of the statute construed in *Munro* v. *State of New York*, 223 N. Y. 208, and I see no essential difference between the terms of the statute there construed and the one here being considered.

So construed, the act of 1918 is not in contravention of section 9 of article 8 of the Constitution, for it now seems to be the settled law of the state that the legislature may by appropriate enactments recognize the moral and equitable obligation of the state to the extent of referring them to this court for examination, audit and determination, followed by allowance if the facts proven on the trial establish a moral and equitable ground for recovery. Such moral and equitable ground for recovery having been established on the trial and adjudged by the court, the payment of state moneys in discharge of such an obligation is not a gift of public moneys but the payment of a just indebtedness. *Cayuga County* v. *State of New York*, 153 N. Y. 279; *Cole* v. *State of New York*, 102 id. 48; *O'Hara* v. *State of New York*, 112 id. 146; *Wheeler* v. *State of New York*, 190 id. 406; *Lehigh Valley R. R. Company* v. *Canal Board*, 204 id. 471; *Munro* v. *State of New York*, 223 id. 208.

The act, however, does not go to the extent of making an award in claimants' favor mandatory. The duty of the court under this statute is to hear the evidence

and determine whether it establishes a moral obligation in claimants' favor and against the state. *Munro v. State, supra.*

I think no such moral obligation is established by the facts of this case. It is true that claimants have expended a small amount for compensation insurance by reason of the enactment by the legislature of the Workmen's Compensation Law and that before the enactment of that law claimants were under no legal obligation to make such expenditure. However, it is common knowledge that before the enactment of the Workmen's Compensation Law, contractors in the performance of large public and private contracts were accustomed to procure employer's liability insurance to protect themselves against the results of actions brought to recover damages for injuries to their workmen caused by accidents occurring in the course of the performance of their contract, and workmen's compensation insurance, as a matter of common practice, takes the place of the employer's liabilty insurance but results in benefits more far reaching and important to the employer than did the liability insurance.

While it has been said that the Workmen's Compensation Law was passed "as a means of protecting working men and their dependents from want in case of injury when engaged in certain specified hazardous employments and that it was the intention of the Legislature to secure such injured workmen and their dependents from becoming objects of charity" (*Matter of Post* v. *Burger,* 216 N. Y. 544), it was not enacted for the sole benefit of the employee, but to protect both employer and employees.

As was said by Miller, J., in *Matter of Jensen* v. *Southern Pacific Company,* 215 N. Y. 514, 524: "This act protects both employer and employee, the former

from wasteful suits and extravagant verdicts, the latter from the expense, uncertainties and delays of litigation in all cases and from the certainty of defeat if unable to establish a case of actionable negligence," and again at page 528: "This subject should be viewed in the light of modern conditions, not those under which the common-law doctrines were developed. With the change in industrial conditions, an opinion has gradually developed, which almost universally favors a more just and economical system of providing compensation for accidental injuries to employees as a substitute for wasteful and protracted damage suits, usually unjust in their results either to the employer or the employee, and sometimes to both. Surely it is competent for the state in the promotion of the general welfare to require both employer and employee to yield something toward the establishment of a principle and plan of compensation for their mutual protection and advantage."

Can it be said that there is justice and equity in reimbursing contractors upon state work for moneys expended by them for compensation insurance for the mutual benefit of themselves and their laborers during the performance of a contract entered into prior to the enactment of the Workmen's Compensation Law while all other employers of labor in exactly similar situations have no such recourse or remedy? I cannot so conclude. Claimants have not been damaged and their claim must fail. It should be dismissed upon the merits.

ACKERSON, P. J., concurs.

Claim dismissed.