## Third Department, February, 1921.

Michael J. Callanan and Another, Appellants, *v.* The State of New York, Respondent.

*Court of Claims — jurisdiction.*

Judgment affirmed, with costs. All concur, except Kiley, J., dissenting, with a memorandum in which Woodward, J., concurs.

Kiley, J. (dissenting): The Laws of 1918, chapter 607, section 1, provide that, notwithstanding section 264 of the Code of Civil Procedure, the Court of Claims is authorized *to hear, audit and determine all* claims arising during the performance of any public contract. or contracts for the construction of public works to which the State or any department, or commission thereof, is a party, because of a change, during performance, and subsequent to the

entering into said contract, by wh'ch statutory provisions were enacted, which caused the claimant damage, to an extent not reasonably to be anticipated when the contract was made. What other condition could have been contemplated at the time of the enactment of that statute, or prompting its enactment, unless it were instances, of which this is a fair illustration? It will be conceded that the statute referred to does not compel payment of such a claim under any and all circumstances, but it does provide and require the Court of Claims to hear such claim and determine its validity. (*Munro* v. *State of New York*, 223 N. Y. 208.) It does more than that, it formulates the rule that is to guide the court, and just what must be shown for such court to exercise the power conferred upon it under this statute, viz., was the claimant damaged by such statute, framed after his contract was made, " to an extent not reasonably to be anticipated when such contract or contracts were made?" Having had a hearing and having found, as the court did in this case, that by reason of such enactment* increased and additional liability was imposed upon the claimant, and that such additional liability damaged claimant a fixed sum, the statute is devoid of significance, if a judgment does not legally follow such finding as a matter of course. The Court of Claims cannot say yes, we find you were damaged by this statute, we find your claim fits the conditions which the statute was designed to relieve but we will not give you relief, because this statute might perchance have saved you from responsibility for negligence. Such weighing of probabilities by the Court of Claims is not provided for by said statute; it is outside of its province and none of its concern. It made its finding, sufficient for judgment, in fact concede it even on this argument; but claims the right to say the findings do not amount to anything. It is repudiated as a useless exercise of the power conferred by statute. I am not ready to vote for any such discretion in the Court of Claims. I favor reversal. Woodward, J., concurred.

---

* See *Callanan* v. *State of New York* (113 Misc. Rep. 267); Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1913, chap. 816), as re-enacted by Laws of 1914, chap. 41, as amd.— [REP.